UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| LORI B. GANS, individually and on behalf of a class of persons similarly situated,            Plaintiff,     v. CHASE MANHATTAN AUTOMOTIVE FINANCE CORPORATION and CHASE MANHATTAN SERVICE CORPORATION,            Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) )    C.A. No. 04-10595-RGS |

## ANSWER TO THE CLASS ACTION COMPLAINT AND COUNTERCLAIM

Defendants, Chase Manhattan Automotive Finance Corporation ("Chase Automotive") and Manufacturers Hanover International Corporation ("MHLI"), successor by merger to Chase Manhattan Service Corporation ("Chase Service") (collectively, "defendants"), hereby answer the Class Action Complaint and Demand for Jury Trial filed by plaintiff (the "Complaint") as follows:

## INTRODUCTION

1.      Defendants admit that the Complaint styles plaintiff's claim as an action for damages, and declaratory and injunctive relief, brought pursuant to the federal Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. §§ 1961, et seq., ("RICO") and common law.  To the extent the remaining allegations in paragraph 1 of the Complaint set forth legal

conclusions, no responsive pleading is required. Defendants otherwise deny the remaining factual allegations set forth in paragraph 1.

## JURISDICTION AND VENUE

2.      Paragraph 2 of the Complaint sets forth legal conclusions to which no responsive pleading is required. To the extent a response is required, defendants admit that the Complaint purports to state a claim for RICO violations and seeks civil remedies pursuant to 18 U.S.C. § 1964(c) for those alleged violations, that it further purports to state claims under common law, and that the Court would have original jurisdiction over the RICO claims under 28 U.S.C. § 1331 and supplemental jurisdiction over the common law claims under 28 U.S.C. § 1367, but defendants are otherwise without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in the first sentence of paragraph 2. Defendants admit that venue is proper in this district, but they are otherwise without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in the third sentence of paragraph 2.

## PARTIES

3.      Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 3 of the Complaint.

4.      Defendants admit the allegations set forth in the first sentence of paragraph 4 of the Complaint. Chase Automotive admits that it at present has, or formerly has had, relationships with dealers for the purchase of motor vehicle leases in each of the fifty states, but otherwise denies the allegations set forth in the second sentence of paragraph 4. MHLI is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 4.

5.    Defendants deny the allegations set forth in paragraph 5 of the Complaint.

6.    To the extent paragraph 6 of the Complaint sets forth legal conclusions, no responsive pleading is required.  Defendants otherwise deny the allegations set forth in paragraph 6 of the Complaint.

## DEFENDANTS' COMMON COURSE OF CONDUCT

7.    Chase Automotive admits that it is and has been in the business of purchasing motor vehicle leases from dealers, but otherwise denies the allegations set forth in the first sentence of paragraph 7 of the Complaint.  Chase Automotive admits, upon information and belief, the allegations set forth in the second sentence of paragraph 7.  Chase Automotive admits that, under the terms of its agreements with dealers, it takes assignments from dealers of all rights under and title and interest in and to motor vehicles and associated leases, including the right to receive monthly lease payments.  Chase Automotive denies the remaining allegations set forth in the third sentence of paragraph 7.  MHLI denies the allegations directed to Chase Service set forth in paragraph 7 and is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 7 insofar as they are directed to Chase Automotive.

8.    Defendants deny the allegations set forth in paragraph 8 of the Complaint.

9.    Defendants deny the allegations set forth in paragraph 9 of the Complaint.

10.    Chase Automotive admits that, with respect to certain leases, it sends monthly lease statements to lessees and that the monthly lease statements speak for themselves as to their content, but otherwise denies the allegations set forth in paragraph 10 of the Complaint.  MHLI denies the allegations directed to Chase Service set forth in paragraph 10, denies the allegations concerning "Chase Auto Finance" and "Chase Automobile Finance" as those terms are defined

by plaintiff, and is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 10 insofar as they are directed to Chase Automotive.

11.    Chase Automotive admits that the monthly lease statements speak for themselves as to their content, but otherwise denies the allegations set forth in paragraph 11 of the Complaint.  MHLI denies the allegations set forth in paragraph 11 insofar as they are directed to Chase Service, denies the allegations concerning "Chase Auto Finance" and "Chase Automobile Finance" as those terms are defined by plaintiff, and is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 11 insofar as they are directed to Chase Automotive.

12.    Defendants deny the allegations set forth in paragraph 12 of the Complaint.

13.    Defendants deny the allegations set forth in paragraph 13 of the Complaint.

14.    Defendants deny the allegations set forth in paragraph 14 of the Complaint.

## THE DIRECT WITHDRAWAL CLASS ACTION

15.    Chase Automotive admits the allegations set forth in the first sentence of paragraph 15 of the Complaint.   The remaining allegations set forth in paragraph 15 consist of plaintiff's characterization of the so-called "Grier action" to which no responsive pleading is required.  To the extent a response is required, Chase Automotive states that the complaint in the Grier action speaks for itself as to its content.  Chase Automotive otherwise denies the allegations set forth in the second, third, and fourth sentences of paragraph 15.  MHLI is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 15.

16.    Chase Automotive admits that the parties to the Grier action entered into a class action settlement agreement, states that the terms of that settlement agreement speak for

themselves as to their content, and otherwise denies the remaining allegations set forth in paragraph 16 of the Complaint.  MHLI is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 16.

17.     Chase Automotive denies the allegations set forth in paragraph 17 of the Complaint.  MHLI is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 17.

18.     Defendants deny the allegations set forth in paragraph 18 of the Complaint.

### FACTS RELATING TO THE REPRESENTATIVE PLAINTIFF

19.     Chase Automotive denies that the actions alleged in the first sentence of paragraph 19 of the Complaint occurred on April 25, 1995, but otherwise admits the allegations set forth in paragraph 19.  MHLI is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 19.

20.     Chase Automotive admits that the lease agreement speaks for itself as to its content, that plaintiff was to make 36 monthly payments of $325.35 under the lease for a total of $11,712.60, and is otherwise without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 20 of the Complaint.  MHLI is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 20.

21.     Chase Automotive admits that the lease speaks for itself as to its content, that payments after the first payment were due and payable as of the 28th of the month, and admits upon information and belief the remaining allegations set forth in paragraph 21 of the Complaint. MHLI is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 21.

22.     Chase Automotive admits that the monthly lease statement for May 1995 speaks for itself as to its content, admits that the amount due was $325.35, denies that the statement directed payment to "Chase Auto Finance" as that term is defined by plaintiff and is otherwise without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 22.  MHLI denies the allegations concerning "Chase Auto Finance" as that term is defined by plaintiff, and is otherwise without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 22.

23.     Chase Automotive admits that plaintiff made a monthly payment of $325.35 to Chase Automotive in May 1995, denies that such payment was made to "Chase Auto Finance" as that term is defined by plaintiff, and is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 23 of the Complaint. MHLI denies the allegations concerning "Chase Auto Finance" as that term is defined by plaintiff, and is otherwise without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 23.

24.     Chase Automotive admits that, as a matter of practice, it would have sent monthly lease statements to plaintiff and that she paid the amounts due, and that it is otherwise without knowledge or information sufficient to form a belief as to the truth of the remaining allegations

set forth in paragraph 24 of the Complaint.  MHLI is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 24.

25.     Chase Automotive denies the allegations concerning "Chase Auto Finance" as that term is defined by plaintiff.  Chase Automotive admits, upon information and belief, that it sent an invoice to plaintiff in February 1998 and that such invoice speaks for itself as to its content.  Chase Automotive is otherwise without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 25.  MHLI denies the allegations concerning "Chase Auto Finance" as that term is defined by plaintiff, and is otherwise without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 25.

26.     Chase Automotive denies the allegations concerning "Chase Auto Finance" as that term is defined by plaintiff.  Chase Automotive admits that the monthly lease statement would speak for itself as to its content, and that plaintiff paid $325.35 in April 1998, and is otherwise without knowledge or information as to the truth of the allegations set forth in the first and second sentences of paragraph 26.  Chase Automotive denies the allegations set forth in the third sentence of paragraph 26.  MHLI denies the allegations concerning "Chase Auto Finance" as that term is defined by plaintiff, and is otherwise without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 26.

27.     Chase Automotive admits that plaintiff asked, and Chase Automotive agreed, to extend, and did extend, the April 1995 lease agreement beyond its original maturity date.  Chase denies that allegations as to "Chase Auto Finance" as that term is defined by plaintiff and is otherwise without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 27 of the Complaint.  MHLI denies the allegations

concerning "Chase Auto Finance" as that term is defined by plaintiff, and is otherwise without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 27.

28.     Chase Automotive admits the allegations set forth in the first and third sentences of paragraph 28 of the Complaint.  Chase Automotive admits that plaintiff signed a lease agreement (the "November 1998 lease agreement"), that the lease calls for plaintiff to make 39 monthly payments of $329.74 for a total of $12,859.86, and that the November 1998 lease agreement speaks for itself as to its content.  Chase Automotive is otherwise without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 28.  MHLI is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 28.

29.     Chase Automotive admits that plaintiff made monthly payments pursuant to the November 1998 lease agreement, and that the monthly lease statements speak for themselves as to their content.  Chase Automotive denies the remaining allegations set forth in paragraph 29 of the Complaint.  MHLI denies the allegations concerning "Chase Auto Finance" and "Chase Automotive Finance" as those terms are defined by plaintiff, and is otherwise is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 29.

30.     Chase Automotive admits, upon information and belief, that it sent a monthly statement to plaintiff, denies the allegations concerning "Chase Automotive Finance" as that term is defined by plaintiff, denies that it made any false statement and is otherwise without knowledge or information as to the truth of the remaining allegations set forth in paragraph 30 of the Complaint.  MHLI denies the allegations concerning "Chase Auto Finance" as that term is

defined by plaintiff, and is otherwise without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 30.

31.     Defendants deny the allegations set forth in paragraph 31 of the Complaint.

32.     Chase Automotive denies the allegations set forth in paragraph 32 of the Complaint.  MHLI is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 32.

33.     Defendants deny the allegations set forth in paragraph 33 of the Complaint.

<u>**CLASS ALLEGATIONS**</u>

34.     Paragraph 34 of the Complaint consists of plaintiff's definition of the putative class to which no responsive pleading is required.  To the extent that a response is required, defendants deny that the class described by plaintiff meets the requirements for certification under Fed. R. Civ. P. 23.

35.     Defendants deny the allegations set forth in paragraph 35 of the Complaint.

36.     Defendants deny the allegations set forth in paragraph 36 of the Complaint.

37.     Defendants deny the allegations set forth in paragraph 37 of the Complaint.

38.     Defendants deny the allegations set forth in paragraph 38 of the Complaint.

39.     Defendants deny the allegations set forth in paragraph 39 of the Complaint.

40.     Defendants deny the allegations set forth in paragraph 40 of the Complaint.

41.     Defendants deny the allegations set forth in paragraph 41 of the Complaint.

42.     Defendants deny the allegations set forth in paragraph 42 of the Complaint.

43.     Defendants deny the allegations set forth in paragraph 43 of the Complaint.

44.     Paragraph 44 of the Complaint consists of plaintiff's characterization of this action to which no responsive pleading is required.  To the extent that a response is required,

defendants deny the allegations set forth in paragraph 44, including, without limitation, sub-parts (a) through (f), inclusive.

## COUNT I
### Violation of 18 U.S.C. § 1962(c)

45.     Defendants reallege, as if fully set forth herein, their responses to paragraphs 1 through 44 of the Complaint.

46.     Defendants deny the allegations set forth in paragraph 46 of the Complaint.

47.     Defendants deny the allegations set forth in paragraph 47 of the Complaint.

47. [2d] Defendants deny the allegations set forth in paragraph 47 [2d] of the Complaint.

48.     Defendants knowingly agreed to participate, and aided and abetted the other, in the fraudulent scheme. Each of Defendants had or should have had an awareness that its role in the affairs of the enterprise was improper and that its actions substantially assisted the actions of its agents in mailing false statements.

48.     Defendants deny the allegations set forth in paragraph 48 of the Complaint.

49.     Defendants deny the allegations set forth in paragraph 49 of the Complaint.

50.     Defendants deny the allegations set forth in paragraph 50 of the Complaint.

51.     Defendants deny the allegations set forth in paragraph 51 of the Complaint.

52.     Defendants deny the allegations set forth in paragraph 52 of the Complaint.

53.     Defendants deny the allegations set forth in paragraph 53 of the Complaint.

54.     Defendants deny the allegations set forth in paragraph 54 of the Complaint.

55.     Defendants deny the allegations set forth in paragraph 55 of the Complaint.

56.     Defendants deny the allegations set forth in paragraph 56 of the Complaint.

57.     Defendants deny the allegations set forth in paragraph 57 of the Complaint.

58.     Defendants deny the allegations set forth in paragraph 58 of the Complaint.

**COUNT II**
**Violation of 18 U.S.C. § 1962(b)**

59.    Defendants reallege, as if fully set forth herein, their responses to paragraphs 1 through 58 of the Complaint.

60.    Defendants deny the allegations set forth in paragraph 60 of the Complaint.

**COUNT III**
**Violation of 18 U.S.C. § 1962(d)**

61.    Defendants reallege, as if fully set forth herein, their responses to paragraphs 1 through 60 of the Complaint.

62.    Defendants deny the allegations set forth in paragraph 62 of the Complaint.

**COUNT IV**
**Breach of Contract**

63.    Defendants reallege, as if fully set forth herein, their responses to paragraphs 1 through 62 of the Complaint.

64.    Defendants deny that the class described by plaintiff meets the requirements for certification under Fed. R. Civ. P. 23.  Chase Automotive admits that it takes and has taken assignments from dealers of motor vehicle leases, which leases typically provide for a specific number of fixed monthly payments, that these lease agreements set forth certain terms and conditions, and that the lease agreements speak for themselves as to their content.  Chase Automotive is otherwise without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 64 of the Complaint.  MHLI is otherwise without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 64.

65.    Defendants deny the allegations set forth in paragraph 65 of the Complaint.

66.     Defendants deny the allegations set forth in paragraph 66 of the Complaint.

## COUNT V
## Conversion

67.     Defendants reallege, as if fully set forth herein, their responses to paragraphs 1 through 66 of the Complaint.

68.     Defendants deny the allegations set forth in paragraph 68 of the Complaint.

69.     Defendants deny the allegations set forth in paragraph 69 of the Complaint.

70.     Defendants deny the allegations set forth in paragraph 70 of the Complaint.

## COUNT VI
## Unjust Enrichment

71.     Defendants reallege, as if fully set forth herein, their responses to paragraphs 1 through 70 of the Complaint.

72.     Defendants deny the allegations set forth in paragraph 72 of the Complaint.

73.     Defendants deny the allegations set forth in paragraph 73 of the Complaint.

## COUNT VII
## Injunctive and Declaratory Relief

74.     Defendants reallege, as if fully set forth herein, their responses to paragraphs 1 through 73 of the Complaint.

75.     Defendants deny the allegations set forth in paragraph 75 of the Complaint.

76.     Paragraph 76 of the Complaint consists of plaintiff's request for equitable relief to which no responsive pleading is required.  To the extent that a response is required, defendants deny the allegations set forth in paragraph 76 and deny that plaintiff or the putative class is entitled to any relief.

The remainder of the Complaint consists of plaintiff's prayer for relief to which no responsive pleading is required.  To the extent that a response is required, defendants deny that plaintiff or the putative class is entitled to any relief.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

The Complaint fails to state a claim upon which relief can be granted.

### Second Affirmative Defense

Plaintiff's claims do not satisfy the requirements of Fed. R. Civ. P. 23 for class action treatment.

### Third Affirmative Defense

Plaintiff lacks standing.

### Fourth Affirmative Defense

Plaintiff is not a member of the putative class she purports to represent.

### Fifth Affirmative Defense

Plaintiff's claims are barred in whole or in part by the application of the statute of limitations and the doctrine of laches.

### Sixth Affirmative Defense

Plaintiff's claims are barred in whole or in part by the application of the doctrines of waiver, estoppel, and ratification.

### Seventh Affirmative Defense

The Complaint fails to plead allegations of fraud with particularity.

### Eight Affirmative Defense

Plaintiff has failed to state a claim for breach of any material terms of the applicable contractual agreements between plaintiff and defendants.

### Ninth Affirmative Defense

Plaintiff's claims are barred in whole or in part by plaintiff's failure to perform pursuant to the applicable contractual agreements between plaintiff and defendants.

### Tenth Affirmative Defense

Plaintiff's claims are barred in whole or in part by plaintiff's failure to perform conditions precedent under the applicable contractual agreements between plaintiff and defendants.

### Eleventh Affirmative Defense

Plaintiff's claims are barred in whole or in part by her course of dealing with defendants.

### Twelfth Affirmative Defense

Plaintiff's claims are barred in whole or in part by the application of the principles of accord and satisfaction, release, and set-off.

### Thirteenth Affirmative Defense

Plaintiff's claims are barred in whole or in part by the application of the principles of compromise and settlement.

### Fourteenth Affirmative Defense

Plaintiff's claims are barred in whole or in part by the application of the voluntary payment doctrine.

### Fifteenth Affirmative Defense

Plaintiff's claims are barred in whole or in part by the application of the doctrine of volenti non fit injuria.

### Sixteenth Affirmative Defense

Plaintiff's claims are barred in whole or in part because plaintiff acted in bad faith in discharging her contractual obligations owed to defendants pursuant to the applicable contractual agreements between plaintiff and defendants.

### Seventeenth Affirmative Defense

Plaintiff's claims are barred in whole or in part because plaintiff failed to mitigate or avoid the damages she claims.

### Eighteenth Affirmative Defense

Plaintiff did not rely on any statements of either defendant to her detriment and suffered no damage.

### Nineteenth Affirmative Defense

If plaintiff suffered damages, which defendants deny, plaintiff's damages were caused by the conduct of others, including, without limitation, her own conduct, for whose conduct defendants are not responsible.

### Twentieth Affirmative Defense

To the extent that plaintiff made any additional payments beyond the initial lease term, plaintiff did so with full knowledge and information that she was doing so in consideration of her retention of the leased vehicle for a commensurate period beyond the initial lease term.

### Twenty-First Affirmative Defense

Defendants were justified in collecting all payments made by plaintiff.

### Twenty-Second Affirmative Defense

Plaintiff's claims are barred in whole or in part by the application of the doctrine of failure of consideration.

## Twenty-Third Affirmative Defense

Defendants hereby give notice that they intend to rely upon such other and further defenses as may become available during the course of discovery in this matter and reserve their right to amend their Answer and assert such defenses.

WHEREFORE, defendants, Chase Manhattan Automotive Finance Corporation and Chase Manhattan Service Corporation, respectfully request that the Court:

(a)    enter an order denying certification of a class in this action;

(b)    enter judgment in their favor on all counts of the Complaint;

(c)    dismiss the Complaint with prejudice;

(d)    award defendants their costs and expenses, including, without limitation, attorney's fees, incurred in this action; and

(e)    grant such other and further relief as the Court deems just and proper.

## COUNTERCLAIM

Counterclaimant, Chase Manhattan Automotive Finance Corporation ("Chase Automotive" or "counterclaimant"), hereby brings this Counterclaim pursuant to Rule 13 of the Federal Rules of Civil Procedure against the defendant-in-counterclaim, Lori B. Gans ("Ms. Gans" or "defendant-in-counterclaim"), and states:

1.      On or about November 5, 1998, Ms. Gans executed an agreement to lease a motor vehicle from a car dealership known as Shaw Saab, located in Hingham, Massachusetts (the "November 1998 lease agreement" ).  Ms. Gans was lessee, and Shaw Saab was lessor.  The November 1998 lease agreement had a 39-month term and February 5, 2002 maturity date.

2.      Pursuant to the terms of the November 1998 lease agreement, Shaw Saab assigned to Chase Automotive "all rights under and title and interest in and to the vehicle and this Lease."  Chase Automotive fully performed all of its obligations under the November 1998 lease agreement.

3.      Pursuant to the terms of the November 1998 lease agreement, in exchange for use of the vehicle named therein, Ms. Gans agreed, among other things, to make 39 monthly payments of $329.74 to Chase Automotive as assignee of the lease.

4.      In addition to the provision in the lease for monthly lease payments, Paragraph 6 of the November 1998 lease agreement states:

**Other Charges (not part of your monthly payment)**

| | | |
|---|---|---|
| (a)  Disposition fee (if you do not purchase the vehicle) | | $300.00 |
| (b)  Other: | N/A | N/A |
| (c)  Other: | N/A | N/A |
| (d)  Total: | | $300.00 |

5.      Paragraph 12 of the November 1998 lease agreement states in part:

>       **Excessive Wear and Use**.  You may be charged for excessive wear based on our standards for normal use ….

6.      Paragraph 15 of the November 1998 lease agreement states in part:

>       **OFFICIAL FEES AND TAXES**….  You will pay all required government fees and taxes (other than our net income taxes) whether assessed on you, us or the vehicle.  You will pay the required government fees and taxes, including personal property taxes (if applicable), that are assessed for any period, or portion of a period, prior to lease termination, even if such amounts are billed to you after lease termination.

7.      Paragraph 20 of the November 1998 lease agreement states:

>       **MAINTENANCE**.  You will maintain and service the vehicle during the Lease term, as recommended in the vehicle owner's manual and as needed to keep the vehicle in good operating condition.  You will also keep the vehicle free from physical damage.  You will pay for all operating expenses for the vehicle during the Lease term, including the cost of oil, gas, lubrication, parts, labor, storage, parking, towing, tolls and all other costs associated with operating the vehicle.  You will maintain records of all repairs and maintenance.  You will pay any fine, penalty, traffic ticket, parking ticket or court process (all referred to in this Lease as "fines") issued in connection with the use of the vehicle.  We have no responsibility for any fines relating to the use of the vehicle.  If we receive any court process, we will tell the court that you must pay the fine.  If you fail to pay or settle any such fine, we may pay it for you and you will reimburse us for any sum paid, plus an administrative fee of $2.50.

8.      Paragraph 25 of the November 1998 lease agreement states in part:

>       **DAMAGE, LOSS OR DANGER TO VEHICLE**.…  Except as noted in item 26, you are responsible for the risk of loss, damage or destruction of the vehicle, until you either return the vehicle to us or purchase the vehicle….

9.    Paragraph 31 of the November 1998 lease agreement states:

> **END OF LEASE LIABILITY**.  If you do not purchase the vehicle at the end of the Lease term, you must return the vehicle to the place we specify and your end of Lease term liability will be the sum of: (a) all amounts you owe under this Lease that are not included in items (b) through (e); (b) the disposition fee disclosed in item 6(a); (c) any official fees and taxes imposed in connection with Lease termination; (d) the excess mileage fee disclosed in item 12(b) for each mile that the vehicle has been driven over the mileage disclosed in item 12(a); and (e) any excess wear and use as defined in item 32.

10.    Paragraph 32 of the November 1998 lease agreement states in part:

> **EXCESS WEAR AND USE**.  You will not subject the vehicle to more than normal wear and use.  If you return the vehicle at the end of the Lease term, we will determine whether the vehicle has been subject to excess wear and use and whether it costs us or would cost us more than $100 to restore the vehicle to the required condition.  If so, you will be liable for the amount in excess of $100 needed to restore the vehicle to the required condition….

11.    Paragraph 33 of the November 1998 lease agreement states:

> **INDEMNITY**.  Except as expressly provided in this Lease, you will hold us harmless and indemnify us from any and all liability, loss and expense including court costs and attorneys' fees arising from the use, maintenance, condition or possession of the vehicle, including a claim made under the strict liability doctrine.

12.    Paragraph 39 of the November 1998 lease agreement states in part:

> **GENERAL**.  You will pay all amounts owed under this Lease.  If we waive or delay enforcing any of our rights, it will not affect our ability to enforce any of our rights afterwards….

13.     In or about August, 2001, Chase Automotive reminded Ms. Gans that the term of the November 1998 lease agreement would expire on February 5, 2002.  There were several communications thereafter between Chase and the lessee concerning lease-end options.

14.     In or about January, 2002, the lessee contacted Chase Automotive and requested that it extend the term of the November 1998 lease agreement beyond the February 5, 2002 maturity date.  Chase Automotive declined to do so except for that amount of time beyond the February 5, 2002 maturity date necessary for Chase Automotive to take possession of the vehicle from Ms. Gans.

15.     On or about February 8, 2002, Chase Automotive took possession of the vehicle from Ms. Gans.

16.     On or about February 8, 2002, pursuant to the terms of November 1998 lease agreement, including, without limitation, paragraphs 6, 31, and 39, Ms. Gans became responsible for payment to Chase Automotive of the $300.00 disposition fee.

17.     On or about February 8, 2002, pursuant to the terms of November 1998 lease agreement, including, without limitation, paragraphs 12, 20, 25, 31, 32, 33, and 39, Ms. Gans became responsible for payment to Chase Automotive of $340.00 in excess wear and use charges.

18.     On or about February 8, 2002, pursuant to the terms of November 1998 lease agreement, including, without limitation, paragraphs 15, 31, 33, and 39, Ms. Gans became responsible for payment to Chase Automotive of $32.00 in taxes on the disposition fee and excess wear and use charges.

19.     On or after April 11, 2002, pursuant to the terms of November 1998 lease agreement, including, without limitation, paragraphs 15, 31, 33, and 39, Ms. Gans became

responsible for payment to Chase Automotive of $187.50 in other taxes or official fees relating to the vehicle.

20.    Under the terms of the November 1998 lease, the lessee would have owed Chase Automotive was $859.50 at and after the end of the lease term.  With the exception of the $187.50 charge for other taxes, which Chase Automotive has never agreed to waive or compromise, Chase Automotive compromised these amounts with the lessee and, indeed, refunded $14.74.

21.    To the extent it may be determined in this matter that there was not a compromise and settlement of certain amounts due to Chase Automotive by Ms. Gans under the November 1998 lease agreement, Ms. Gans owes Chase Automotive $529.76 net of all payments made by Ms. Gans under the November 1998 lease.  Alternatively, even if it is determined that there was a compromise and settlement with respect to other charges, Ms. Gans owes and has never paid Chase Automotive the $187.50 amount due and owing for taxes.

## COUNT I
### (Breach of Contract)

22.    Chase Automotive repeats and realleges paragraphs 1 through 21 of this Counterclaim as if fully set forth herein.

23.    Pursuant to the terms of the November 1998 lease agreement, on or after February 8, 2002, Ms. Gans became obligated to pay Chase Automotive $529.76 net of all payments made by Ms. Gans under the November 1998 lease, which amount Ms. Gans has not paid.

24.    By failing to pay Chase Automotive the full amounts she owed to it pursuant to the November 1998 lease agreement, and should it be determined that the parties did not reach a compromise and settlement of certain amounts due and owing from Ms. Gans under the November 1998 lease agreement, Ms. Gans breached her contractual obligations owed to Chase

Automotive and owes Chase Automotive $529.76. Alternatively, even if it is determined that there was a compromise and settlement with respect to other charges, Ms. Gans owes and has never paid Chase Automotive the $187.50 amount due and owing for taxes.

25.    As a direct and proximate result of the aforesaid breaches of the contractual obligations owed to Chase Automotive, and whether or not it is determined that the parties reached a compromise and settlement of certain amounts due and owing from Ms. Gans under the November 1998 lease agreement, Chase Automotive has been deprived of the benefits of the November 1998 lease agreement, and has sustained damages.

## <u>COUNT II</u>
### (Unjust Enrichment; Money Had and Received; Money Lent)

26.    Chase Automotive repeats and realleges paragraphs 1 through 25 of this Counterclaim as if fully set forth herein.

27.    Pursuant to the terms of the November 1998 lease agreement, on or after February 8, 2002, Ms. Gans became obligated to pay Chase Automotive $529.76 net of all payments made by Ms. Gans under the November 1998 lease, which amount Ms. Gans has not paid.

28.    By failing to pay Chase Automotive the full amounts she owed pursuant to the November 1998 lease agreement, and should it be determined that the parties did not reach a compromise and settlement of certain amounts due and owing from Ms. Gans under the November 1998 lease agreement, Ms. Gans has been unjustly enriched and breached her duty owed to Chase Automotive. Alternatively, even if it is determined that there was a compromise and settlement with respect to other charges, Ms. Gans owes and has never paid Chase Automotive the $187.50 amount due and owing for taxes.

29.    As a direct and proximate result of the aforesaid breaches of duty owed to Chase Automotive, and whether or not it is determined that the parties reached a compromise and

settlement of certain amounts due and owing from Ms. Gans under the November 1998 lease agreement, Chase Automotive has been deprived of the benefits of the November 1998 lease agreements, and has sustained damages.

30.     As a direct and proximate result of Ms. Gans' breach of her duty owed to Chase Automotive under the November 1998 lease agreement, and whether or not it is determined that the parties reached a compromise and settlement of certain amounts due and owing from Ms. Gans under the November 1998 lease agreement, Ms. Gans received a benefit from Chase Automotive to which she was not entitled, damaging Chase Automotive.

31.     Whether or not it is determined that the parties reached a compromise and settlement of the amounts due and owing from Ms. Gans under the November 1998 lease agreement, Ms. Gans is not entitled to keep, and must return forthwith, any amounts she continues to owe, but has never paid, to Chase Automotive under the November 1998 lease agreement.

WHEREFORE, counterclaimant, Chase Manhattan Automotive Finance Corporation, respectfully requests the entry of judgment:

(a)     for damages arising from Ms. Gans' breach of the November 1998 lease agreement in an amount to be proved at trial;

(b)     for an order that Ms. Gans is not entitled to keep, and must return forthwith, any amounts she owes, but never paid, to Chase Automotive; and

(c)     for such other and further relief as the Court deems just and proper.

## JURY DEMAND

Counterclaimant, Chase Manhattan Automotive Finance Corporation, hereby demands a trial by jury on all issues so triable.

Respectfully submitted,

CHASE MANHATTAN AUTOMOTIVE FINANCE CORPORATION and MANUFACTURERS HANOVER INTERNATIONAL CORPORATION, as successor by merger to CHASE MANHATTAN SERVICE CORPORATION,

By their attorneys,

/s/ R. Bruce Allensworth
R. Bruce Allensworth, BBO #015820
(ballensworth@kl.com)
Andrew C. Glass, BBO #638362
(aglass@kl.com)
KIRKPATRICK & LOCKHART LLP
75 State Street
Boston, Massachusetts 02109
(617) 261-3100

Dated:    May 20, 2004

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 20th day of May, 2004, I caused a copy of the foregoing Answer to the Class Action Complaint and Counterclaim to be served by first class United States mail, postage prepaid upon counsel of record for plaintiff.


/s/ R. Bruce Allensworth
R. Bruce Allensworth