UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| LORI B. GANS, individually and on behalf of a class of persons similarly situated,<br><br>   Plaintiff,<br><br>v.<br><br>CHASE MANHATTAN AUTOMOTIVE FINANCE CORP. and CHASE MANHATTAN SERVICE CORPORATION,<br><br>   Defendants. | )<br>)<br>)<br>)<br>) C.A. No. 04-10595-RGS<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## PLAINTIFF'S ANSWER AND AFFIRMATIVE DEFENSES TO DEFENDANT'S COUNTERCLAIMS

NOW COMES Plaintiff Lori B. Gans and answers the counterclaims asserted by Defendant Chase Manhattan Automotive Finance Corporation as follows:

1. Plaintiff admits the allegations set forth in paragraph 1 of Defendant's counterclaim.

2. Plaintiff admits the allegations contained in the first sentence of paragraph 2 of Defendant's counterclaim. Plaintiff Denies the allegations contained in the second sentence of paragraph 2 of Defendant's counterclaim.

3. Plaintiff admits the allegations contained in paragraph 3 of Defendant's counterclaim.

4. Plaintiff admits that the lease speaks for itself.

5. Plaintiff admits that the lease speaks for itself.

6. Plaintiff admits that the lease speaks for itself.

7. Plaintiff admits that the lease speaks for itself.

8. Plaintiff admits that the lease speaks for itself.

9. Plaintiff admits that the lease speaks for itself.

10. Plaintiff admits that the lease speaks for itself.

11. Plaintiff admits that the lease speaks for itself.

12. Plaintiff admits that the lease speaks for itself.

13. Plaintiff admits that she was notified that the term of the lease agreement would expire on February 5, 2002 and that there were communications concerning lease-end options.

14. Plaintiff admits the allegations of paragraph 14 of Defendant's counterclaim.

15. Plaintiff admits the allegations of paragraph 15 of Defendant's counterclaim.

16. Plaintiff admits the allegations of paragraph 16 of Defendant's counterclaim.

17. Plaintiff denies the allegations of paragraph 17 of Defendant's counterclaim.

18. Plaintiff denies the allegations of paragraph 18 of Defendant's counterclaim.

19. Plaintiff denies the allegations of paragraph 19 of Defendant's counterclaim.

20. Plaintiff denies the allegations of paragraph 20 of Defendant's counterclaim.

21. Plaintiff denies the allegations of paragraph 21 of Defendant's counterclaim.

## **COUNT I**

22. Plaintiff repeats and realleges her responses to paragraphs 1 through 21 of Defendants' counterclaim.

23. Plaintiff denies the allegations of paragraph 23 of Defendant's counterclaim.

24. Plaintiff denies the allegations of paragraph 24 of Defendant's counterclaim.

25. Plaintiff denies the allegations of paragraph 25 of Defendant's counterclaim.

## COUNT II

26. Plaintiff repeats and realleges her responses to paragraphs 1 through 25 of Defendants' counterclaim.

27. Plaintiff denies the allegations of paragraph 27 of Defendant's counterclaim.

28. Plaintiff denies the allegations of paragraph 28 of Defendant's counterclaim.

29. Plaintiff denies the allegations of paragraph 29 of Defendant's counterclaim.

30. Plaintiff denies the allegations of paragraph 30 of Defendant's counterclaim.

31. Plaintiff denies the allegations of paragraph 31 of Defendant's counterclaim.

## JURY DEMAND

Plaintiff demands a trial by jury on all issues so triable.

## AFFIRMATIVE DEFENSES

1. Defendant has failed to state a claim upon which relief can be granted.

2. Defendant's claims are barred by the doctrine of waiver.

3. Defendant's claims are barred by the doctrine of estoppel.

4. Defendants' claims are barred by the doctrine of unclean hands.

5. Defendant's claims are barred by the principles of accord and satisfaction and release.

6. Defendant's claims are barred by the doctrine of laches.

7. Defendant's claims are barred by the doctrine of ratification.

8. Defendant's claims are barred by its failure to mitigate damages.

        Respectfully submitted,
        Plaintiff, Lori B. Gans, by her attorneys


        /s/ Fredric L. Ellis
        Fredric L. Ellis, BBO # 542075
        Edward D. Rapacki, BBO # 411910
        Joseph M. Makalusky, BBO # 631240
        ELLIS & RAPACKI LLP
        85 Merrimac Street, Suite 500
        Boston, MA 02114
        (617) 523-4800

Dated: June 1, 2004

## CERTIFICATE OF SERVICE

I, Fredric L. Ellis, hereby certify that a true copy of the above document was served upon Defendant's counsel by first class mail on this 1st day of June 2004, addressed as follows:


R. Bruce Allensworth, Esq.
Andrew C. Glass, Esq.
Kirkpatrick & Lockhart LLP
75 State Street
Boston, MA  02109


        /s/ Fredric L. Ellis
        Fredric L. Ellis

Date: June 1, 2004