UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| LORI B. GANS, individually and on behalf of a class of persons similarly situated,<br><br>              Plaintiff,<br><br>   v.<br><br>CHASE MANHATTAN AUTOMOTIVE FINANCE CORPORATION and CHASE MANHATTAN SERVICE CORPORATION,<br><br>              Defendants. | C.A. No. 04-10595-NMG |

**JOINT STATEMENT FOR SCHEDULING CONFERENCE**

Pursuant to the Notice of Scheduling Conference dated September 16, 2004, and in accordance with Local Rule 16.1(D), plaintiff Lori B. Gans ("Plaintiff") and defendants Chase Manhattan Automotive Finance Corporation and Chase Manhattan Service Corporation (together, "Defendants") submit the following Joint Statement in connection with the scheduling conference to be held on November 12, 2004.

**I.     Introduction**

On March 26, 2004, Plaintiff filed the Class Action Complaint and Demand for Jury Trial (the "Complaint") against Defendants, asserting claims for damages, declaratory and injunctive relief.  Plaintiff alleges that Defendants unlawfully billed, collected and retained an additional monthly lease payment from Plaintiff and other motor vehicle lessees which was not due under the respective motor vehicle leases in violation of the RICO Act (18 U.S.C. § 1961 *et seq.*) and common law.

Defendants filed an Answer to the Complaint, denying any liability with respect to the claims asserted against them and asserting a counterclaim by defendant Chase Manhattan Automotive Finance Corporation with respect to one of Plaintiff's two lease transactions that are the subject of the Complaint.

**II.     Proposed Agenda for Scheduling Conference**

The parties propose that the pre-trial scheduling matters set forth in Section III below be discussed during the scheduling conference. In addition, in accordance with Local Rule 16.1(C), Defendants' counsel will be prepared to respond to Plaintiff's settlement proposal at the scheduling conference.

**III.    Parties' Proposed Pre-Trial Schedule**

**A.  Automatic Disclosures**

Plaintiff served her automatic required disclosure on June 18, 2004. By agreement, Defendants will serve their disclosures on or before December 15, 2004.

**B.  Discovery Limitations**

This action is styled as a putative class action. Defendants assert that plaintiff's claims cannot be tried on a class-wide basis.

For reasons of judicial economy and efficiency, the parties propose that discovery be conducted in two phases. Phase I discovery should be directed to the issue of class certification and Plaintiff's individual claims so that the Court may determine as soon as practicable whether this action meets the standards under Rule 23(b)(2) and Rule 23(b)(3) of the Federal Rules of Civil Procedure for class action treatment.

The parties request that the Court establish a schedule for the briefing of Plaintiff's motion for class certification, which should be briefed, heard, and decided upon the completion

of Phase I discovery. Following resolution of the class certification issue, the parties request that a second scheduling conference be held to address what discovery, if any, remains in the second phase of discovery, the timing for completion of Phase II discovery, and any further deadlines for dispositive motions, pretrial matters and trial. Phase II discovery would be directed at the merits of Plaintiff's class claims and should only be conducted if the Court certifies a class under Rule 23.

For these reasons, the parties propose the following deadlines for discovery and motions:

- Amendment of pleadings: **April 15, 2005**

- Initial Disclosures: Initial disclosures, pursuant to Fed. R. Civ. P. 26(a)(1) and Local Rule 26.2(A) will be completed by: **December 15, 2004**

- Deadline for discovery on issues pertaining to class certification and the merits of Plaintiff's individual claim: **September 30, 2005**

- Deadline for serving a motion for class certification: **November 30, 2005**

- Deadline for serving an opposition to motion for class certification: **December 30, 2005**

## IV. Trial By Magistrate

The parties are not prepared at this time to consent to trial by a Magistrate Judge.

## V. Alternate Dispute Resolution

The parties do not believe that Alternate Dispute Resolution is appropriate prior to a ruling on Plaintiff's motion for class certification.

**VI.** **Certifications**

The parties will file their Certificates of Compliance with Local Rule 16.1 prior to or at the time of the scheduling conference.


Respectfully submitted,

LORI B. GANS,
Plaintiff

By her attorneys,


/s/ Fredric L. Ellis

_____
Fredric L. Ellis (BBO #542075)
Edward D. Rapacki (BBO #411910)
Joseph M. Makalusky (BBO #631240)
ELLIS & RAPACKI LLP
85 Merrimac Street
Suite 500
Boston, MA  02114
617-523-4800
617-523-6901 (FAX)

CHASE MANHATTAN AUTOMOTIVE FINANCE CORPORATION and
CHASE MANHATTAN SERVICE CORPORATION,
Defendants

By their attorneys,


/s/  Bruce Allensworth

_____
R. Bruce Allensworth (BBO # 015820)
Andrew C. Glass  (BBO # 638362)
KIRKPATRICK & LOCKHART LLP
75 State Street
Boston, MA  02109
617-261-3100
617-261-3175 (FAX)

Dated: November 8, 2004

4