UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| LORI B. GANS, individually and on behalf of a class of persons similarly situated,<br><br>   Plaintiff,<br><br>v.<br><br>CHASE MANHATTAN AUTOMOTIVE FINANCE CORP. and CHASE MANHATTAN SERVICE CORPORATION,<br><br>   Defendants. | )<br>)<br>)<br>)<br>) C.A. No. 04-10595-RGS<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**PLAINTIFF'S ANSWER AND AFFIRMATIVE DEFENSES TO DEFENDANT CHASE MANHATTAN AUTOMOTIVE FINANCE CORPORATIONS' COUNTERCLAIMS**

NOW COMES Plaintiff Lori B. Gans and answers the counterclaims asserted by Defendant Chase Manhattan Automotive Finance Corporation ("CMAFC") as follows:

1. Plaintiff admits the allegations set forth in paragraph 1 of CMAFC's counterclaim.

2. Plaintiff admits the allegations contained in the first sentence of paragraph 2 of CMAFC's counterclaim. Plaintiff Denies the allegations contained in the second sentence of paragraph 2 of CMAFC's counterclaim.

3. Plaintiff admits the allegations contained in paragraph 3 of CMAFC's counterclaim.

4. Plaintiff admits that the lease speaks for itself.

5. Plaintiff admits that the lease speaks for itself.

6. Plaintiff admits that the lease speaks for itself.

7. Plaintiff admits that the lease speaks for itself.

8. Plaintiff admits that the lease speaks for itself.

9. Plaintiff admits that the lease speaks for itself.

10. Plaintiff admits that the lease speaks for itself.

11. Plaintiff admits that the lease speaks for itself.

12. Plaintiff admits that the lease speaks for itself.

13. Plaintiff admits that she was notified that the term of the lease agreement would expire on February 5, 2002 and that there were communications concerning lease-end options.

14. Plaintiff admits the allegations of paragraph 14 of CMAFC's counterclaim.

15. Plaintiff admits the allegations of paragraph 15 of CMAFC's counterclaim.

16. Plaintiff admits the allegations of paragraph 16 of CMAFC's counterclaim.

17. Plaintiff denies the allegations of paragraph 17 of CMAFC's counterclaim.

18. Plaintiff denies the allegations of paragraph 18 of CMAFC's counterclaim.

19. Plaintiff denies the allegations of paragraph 19 of CMAFC's counterclaim.

20. Plaintiff denies the allegations of paragraph 20 of CMAFC's counterclaim.

21. Plaintiff denies the allegations of paragraph 21 of CMAFC's counterclaim.

**COUNT I**

22. Plaintiff repeats and realleges her responses to paragraphs 1 through 21 of CMAFC's counterclaim.

23. Plaintiff denies the allegations of paragraph 23 of CMAFC's counterclaim.

24. Plaintiff denies the allegations of paragraph 24 of CMAFC's counterclaim.

25. Plaintiff denies the allegations of paragraph 25 of CMAFC's counterclaim.

**COUNT II**

26. Plaintiff repeats and realleges her responses to paragraphs 1 through 25 of CMAFC's counterclaim.

27. Plaintiff denies the allegations of paragraph 27 of CMAFC's counterclaim.

28. Plaintiff denies the allegations of paragraph 28 of CMAFC's counterclaim.

29. Plaintiff denies the allegations of paragraph 29 of CMAFC's counterclaim.

30. Plaintiff denies the allegations of paragraph 30 of CMAFC's counterclaim.

31. Plaintiff denies the allegations of paragraph 31 of CMAFC's counterclaim.

## JURY DEMAND

Plaintiff demands a trial by jury on all issues so triable.

## AFFIRMATIVE DEFENSES

1. CMAFC has failed to state a claim upon which relief can be granted.

2. CMAFC's claims are barred by the doctrine of waiver.

3. CMAFC's claims are barred by the doctrine of estoppel.

4. CMAFC' claims are barred by the doctrine of unclean hands.

5. CMAFC's claims are barred by the principles of accord and satisfaction and release.

6. CMAFC's claims are barred by the doctrine of laches.

7. CMAFC's claims are barred by the doctrine of ratification.

8. CMAFC's claims are barred by its failure to mitigate damages.

Respectfully submitted,
Plaintiff, Lori B. Gans, by her attorneys

_s/ Fredric L. Ellis_____
Fredric L. Ellis, BBO # 542075
Edward D. Rapacki, BBO # 411910
Joseph M. Makalusky, BBO # 631240
ELLIS & RAPACKI LLP
85 Merrimac Street, Suite 500
Boston, MA 02114
(617) 523-4800

Dated: April 25, 2005