## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| LORI B. GANS, individually and on behalf of a class of others similarly situated, | ) ) ) |
| Plaintiff, | ) ) ) ) |
| v. | )     C.A. No.: 04-10595-RGS ) |
| CHASE MANHATTAN AUTOMOTIVE FINANCE CORP. and MANUFACTURERS HANOVER LEASING INTERNATIONAL CORPORATION, as successor by merger to CHASE MANHATTAN SERVICE CORPORATION, | ) ) ) ) ) ) ) |
| Defendants. | ) ) |

## CLASS ACTION SETTLEMENT AGREEMENT

THIS AGREEMENT (the "Settlement Agreement" or "Agreement") is made on February 2̲8̲ 2006 by and between the plaintiff, Lori B. Gans ("Plaintiff"), individually and on behalf of a class of others more particularly defined herein (the "Settlement Class"), and defendants Chase Auto Finance Corp. f/k/a Chase Manhattan Automotive Finance Corp. ("Chase") and Manufacturers Hanover Leasing International Corporation, the successor by merger to Chase Manhattan Service Corporation ("MHL") (Chase and MHL are referred to collectively herein as "Defendants").

## RECITALS

WHEREAS Plaintiff commenced this action on March 26, 2004, by filing a Class Action Complaint (the "Complaint") asserting various claims against Chase and Chase Manhattan Service Corporation;

BOS-921639 v11 0517725-0301

WHEREAS on March 29, 2005, Plaintiff filed an Amended Class Action Complaint (the "Amended Complaint") naming as a defendant MHL, the successor by merger to Chase Manhattan Service Corporation;

WHEREAS Class Counsel has conducted investigation and discovery on the merits of the claims and defenses asserted, together with the propriety of class certification;

WHEREAS Class Counsel and counsel for Defendants have engaged in arms'-length settlement negotiations extending over several months;

WHEREAS the parties hereto desire to avoid the expense, delay and risks of continued litigation, including additional discovery, investigation and trial, and desire to compromise this class action, subject to Court approval, upon the terms and conditions set forth herein;

WHEREAS Class Counsel has concluded, after due investigation and after considering the claims asserted, and the claims which could be asserted, the legal and factual defenses thereto, the applicable law, and other relevant circumstances, that it would be in the best interests of the Settlement Class to enter into this Settlement Agreement in order to assure that the benefits reflected herein are obtained for the Settlement Class and, further, that Class Counsel considers the settlement set forth herein to be fair, reasonable and adequate and in the best interests of all members of the Settlement Class;

WHEREAS Defendants do not admit to any wrongdoing or liability on their part and deny the same.  The Settlement Agreement between the parties is a compromise of disputed claims and does not mean, and shall not be construed to mean, that Defendants

are liable with respect to any claim asserted in the Complaint or Amended Complaint. Defendants are willing to enter into this Settlement Agreement to avoid the further expense and inconvenience of litigation, and Defendants have concluded that it is in their best interest to resolve and settle all claims that have been made or could be made against Defendants by Plaintiff and the Settlement Class; and

WHEREAS Plaintiff, on behalf of herself and the Settlement Class, and Defendants agree to be bound by the terms of the Settlement Agreement and to fully support this Settlement Agreement.

NOW, THEREFORE, in consideration of the mutual promises, covenants, undertakings and agreements set forth herein, and intending to be legally bound hereby, the parties agree as follows:

A.     **General Definitions.**

1.     "Attorneys' Fees Payment Date" means the date sixty (60) days after the date of Final Order (as defined below).

2.     "Class Action" means the lawsuit styled <u>Lori B. Gans, individually and on behalf of a class of others similarly situated v. Chase Manhattan Automotive Finance Corp., et al.</u>, C.A. No. 04-10595-RGS, filed and pending in the United States District Court for the District of Massachusetts.

3.     "Class Counsel" means Fredric L. Ellis and Joseph M. Makalusky from the law firm of Ellis & Rapacki LLP.

4.     "Court" means the United States District Court for the District of Massachusetts.

5.    "Final Approval" shall mean the entry by the Court of an order approving this Agreement, substantially in the form attached as Exhibit 3.

6.    "Final Order" shall mean the later of: (a) the date upon which the expiration of the time for filing an appeal from Final Approval with no appeal having been filed; or (b) if Final Approval is appealed, the date – following the affirmance of Final Approval by the court to which an appeal has been taken – upon which such affirmance is no longer subject to further appeal; or (c) the date the Court enters an order approving the award of attorneys' fees and expenses to Class Counsel.

7.    "Lease Billing Statement" shall mean the monthly billing statement sent to lessees pursuant to the terms of the lessees' motor vehicle leases with Defendants.

8.    "Lease Maturity Date" shall mean the date the lease is scheduled to terminate and is equal to thirty (30) days after the last monthly payment is due under the lease.

9.    "Parties" shall mean Plaintiff, the Settlement Class, Chase, and MHL.

10.    "Release" shall mean the provisions of release, the terms of which are set forth in Section F below.

11.    "Settlement Bill" shall mean the bill generated by and sent to lessees detailing lease-end charges owed by the lessees at the time of termination of the lease.

12.    "Settlement Fund" shall mean the payment by Defendants of $2,500,000 for full and complete settlement of the Class Action.  The entire Settlement

Fund shall be capped at $2,500,000, and under no circumstances shall Defendants be required to pay more than $2,500,000 for full and complete settlement of the Class Action, including, without limitation, all payments to Plaintiff, members of the Settlement Class, and Class Counsel.

B.     **Terms of the Settlement.**

1.     Definition of the Settlement Class.  For purposes of this Agreement, the "Settlement Class" includes:

(a)     "Settlement Class I," consisting of all persons whose motor vehicle lease was transferred or assigned to Defendants and:

(i)     who have a credit entry – equal to either the base monthly payment, the monthly rent payment, or the total monthly payment set forth in the lease agreement – appearing in the general ledger account on Chase's financial records named "Charge Off Income" as of October 31, 2004; and

(ii)     for whom no record has been located indicating that such credit entries in the Charge Off Income account were previously paid to any such lessee; and

(b)     "Settlement Class II," consisting of all persons whose motor vehicle lease was transferred or assigned to Defendants, which lease terminated during the period from March 27, 2000, through July 31, 2004, and who:

(i)     made a monthly lease payment to Defendants equal to the total monthly lease payment due under their lease within fifteen (15) days before or thirty (30) days after the Lease Maturity Date; and

(ii)     did not retain possession of the vehicle that was the subject of the lease for more than thirty (30) days past the Lease Maturity Date; and

(iii)     did not owe any portion of any past due monthly payment at the time the Settlement Bill was generated.

Excluded from the Settlement Class is each person who submits a timely and valid Request for Exclusion (as defined below) in accordance with the procedure set forth below, and any person who was a lessee or co-lessee on the same lease with a person submitting a timely and valid Request for Exclusion.

      2.     <u>Monetary Payments</u>.

      (a)     Except as provided for in Section B.2(f) below, within sixty (60) days of the date of Final Order, Defendants shall pay to each member of the Settlement Class, who is not excluded from the Settlement Class by means of a timely and valid Request for Exclusion (as defined below), the compensation amount described in Section B.2(b), below, minus each such class member's pro-rata share of the Class Counsel attorneys' fees and expenses (as defined below) and class representative fee (as defined below) as approved by the Court, as described in Section B.2(b)(iv), below.

      (i)     All such payments shall be made by check, each of which shall indicate on its face that it is valid only for a period of one hundred eighty (180) days from the date set forth thereon. The check shall be made payable only to the lessee to whom the Lease Billing Statement was sent, unless the lessee provides Class Counsel notice otherwise within the time period for filing a Request for Exclusion (as defined below) in advance of the Final Hearing (as defined below). The envelope containing the check shall be addressed to the lessee to whom the Lease Billing Statement was sent and the co-lessee, if any, and sent by first class United States mail, postage prepaid, to the last known address for the lessee to whom the Lease Billing Statement was sent as contained in Defendants' records or, if applicable, as updated as provided for in Section C.2, below.

(ii)     If a Settlement Class member does not present his or her distribution check for payment within the 180-day period specified, or if the check is dishonored because the 180-day period specified has expired, that member will not be entitled to have his or her distribution check reissued, or to any further distribution from, or to any further recourse against, Defendants, nor will the check be deemed to be abandoned property subject to escheatment.

(iii)     The validity of a Settlement Class member's Release of all claims against Defendants as set forth herein shall not be affected by the failure of a Settlement Class member to present his or her distribution check for payment within the 180-day period specified or if a Settlement Class member's check is dishonored after the 180-day period specified.

(b)     Defendants have provided to Class Counsel a list of persons, dated February 28, 2006, who qualify as members of Settlement Class I, and a list of persons, dated February 28, 2006, who qualify as members of Settlement Class II:

(i)     The Settlement Class I list contains the names and addresses of the 1,037 class members described in Section B.1(a), above. The persons described in Section B.1(a), above, who are not excluded from Settlement Class I by means of a timely and valid Request for Exclusion (as defined below), shall each receive from Defendants compensation in the amount of their credit entry showing on the Charge Off Income general ledger account, minus each such class member's pro-rata share of the Class Counsel attorneys' fees and expenses (as defined below) and class representative

fee (as defined below) as approved by the Court, as described in Section B.2(b)(iv), below.

(ii)     The Settlement Class II list contains the names and addresses of the 48,169 class members described in Section B.1(b), above.  The persons described in Section B.1(b), above, who are not excluded from Settlement Class II by means of a timely and valid Request for Exclusion (as defined below), shall each receive from Defendants compensation in the amount of their share of $2,150,476.20, divided by 48,169, minus each such class member's pro-rata share of the Class Counsel attorneys' fees and expenses (as defined below) and class representative fee (as defined below) as approved by the Court, as described in Section B.2(b)(iv), below.  The amount of $2,150,476.20 is the difference between $2,500,000 and $349,523.80, the total amount of compensation owed to the members of Settlement Class I (as described in Section B.1(a), above), regardless of whether any such persons exclude themselves from Settlement Class I.

(iii)     The 507 members of Settlement Class I who are also members of Settlement Class II, and who are not excluded from the Settlement Class by means of a timely and valid Request for Exclusion (as defined below), shall each receive from Defendants compensation in the amounts owed to them as a member of both Settlement Class I and Settlement Class II, except that each such class member shall only be responsible as a member of Settlement Class II for their pro-rata share of the Class Counsel attorneys' fees and expenses (as defined below) and class representative fee (as defined below) as approved by the Court, as described in Section B.2(b)(iv), below.

(iv)    Each member of Settlement Class I and Settlement Class II, as modified by Section B.2(b)(iii), above, shall be responsible for their pro-rata share of the Class Counsel attorneys' fees and expenses (as defined below) and class representative fee (as defined below) as approved by the Court, based upon the total of 48,699 Settlement Class members minus any members who exclude themselves from the Settlement Class.

(c)    Defendants shall not be required to make multiple payments to co-lessees who are entitled to relief under this Agreement on account of the same lease transaction, but in such cases, shall make only one payment, for each lease transaction, to the lessee to whom the Lease Billing Statement was sent.  Defendants shall have no liability to any co-lessee arising from any claim regarding the division of such funds among co-lessees, nor shall Defendants be responsible to any person for any disputes over the proper recipient of any payments made pursuant to this Settlement Agreement, but in each case, the lessee shall be responsible for the distribution of any portion of the payments made pursuant to the Settlement Agreement to the co-lessee, if any.  Likewise, Class Counsel attorneys' fees and expenses (as defined below) and class representative fee (as defined below) as approved by the Court shall be allocated to the members of the Settlement Class on a per lease basis.

(d)    Within sixty (60) days of the execution of this Agreement, Defendants shall supply to Class Counsel an affidavit confirming the process by which the lists of persons – as described in Section B.2(b), above – in Settlement Class I and in Settlement Class II were compiled.

(e)    Within two hundred seventy (270) days of the date of Final Order, Defendants shall provide to Class Counsel a final report reflecting the total amount of payments made to members of the Settlement Class.

(f)    If Notice (as defined below) to a Settlement Class member remains undeliverable despite Defendants' reasonable efforts as required by Section C.2 of this Agreement, Defendants shall have no further liability or obligation to make payment to that Settlement Class member.  Defendants shall be entitled to any remaining portion of the Settlement Fund after all required distributions have been made.

3.    <u>Confirmation</u>.  Without admitting to any wrongdoing or liability on Defendants' part and denying the same, Chase confirms that effective July 31, 2004, Chase no longer transmits lease invoices in the form and manner that is the subject of the Class Action.

4.    <u>Administration Costs</u>.  Defendants shall bear all costs and expenses in connection with providing Notice (as defined below) to the Settlement Class, the sending of settlement checks to the Settlement Class, and Defendants' administration and implementation of this Agreement.  The Class Counsel attorneys' fees and expenses (as defined below) and class representative fee (as defined below) as approved by the Court shall be paid by the Settlement Class from the Settlement Fund.

**C.    <u>Preliminary Order, Notice, Exclusions and Objections</u>.**

1.    Within ten (10) days from the date of this Agreement, the Parties shall file a joint motion with the Court for entry of a "Preliminary Order" in a form substantially in the form attached hereto as Exhibit 2, which:

(a)    approves the form, content and means of giving Notice (as defined below) of the proposed settlement to the Settlement Class as provided in Section C.2 of this Agreement; and

(b)    schedules a "Final Hearing" approximately one hundred and fifty (150) days from the date of entry of the Preliminary Order to consider whether the proposed settlement will be approved by the Court as being fair and reasonable, and the amount of attorneys' fees and costs to be awarded to Class Counsel.  The motion for entry of a Preliminary Order shall include as an exhibit thereto a copy of the Settlement Agreement with all of its exhibits, including the proposed form of Order Preliminarily Approving this Settlement Agreement substantially in the form of Exhibit 2 hereto, which the Court may sign.  Class Counsel shall file a memorandum in support of such motion and, at their option, Defendants may also file a memorandum.

(c)    The Parties shall request that a hearing on the motion for entry of a Preliminary Order be held at the earliest date convenient to the Court, Class Counsel, and counsel for Defendants.

2.    Within forty-five (45) days from the date of entry of the Preliminary Order, or as soon as practicable, Defendants shall, at their sole expense, provide Notice (as defined below) to the Settlement Class, which Notice shall contain a summary of the terms of the Settlement Agreement, the time and place of the Final Hearing, the right of Settlement Class members to object to or exclude themselves from the proposed settlement, and the effect of entry of final judgment.

(a)    This Notice shall be substantially in the form attached hereto as Exhibit 1 and shall be addressed to the lessee to whom the Lease Billing

Statement was sent and the co-lessee, if any, and sent by first class United States mail, postage prepaid, to the last known address for the lessee to whom the Lease Billing Statement was sent as contained in Defendants' records as modified by a search of the National Change Of Address database maintained by the United States Postal Service (the "Notice").  The Notice will have a Chase return address and will contain the notation "Important:  Legal Notice Enclosed" on the cover of the mailing.

   (b) If, within seventy-five (75) days from the date of entry of the Preliminary Order, a Notice is returned to the return address notated on the cover of the mailing of the Notice by the United States Postal Service:

    (i) with a forwarding address, Defendants shall resend the Notice to the new forwarding address and the appropriate Settlement Class member list(s) shall be so updated; or

    (ii) with no forwarding address, Defendants shall conduct a search of the Fast Data, or an equivalent, database to attempt to locate a current address for such class member.  If a current address is located through that search, Defendants shall resend the Notice to such current address, and the appropriate Settlement Class member list(s) shall be so updated.  If the cost of such a search costs more than $1.00 per Settlement Class member, Defendants shall have no obligation to undertake such a search for that Settlement Class member.

   (c) Defendants shall have no obligation to resend any Notice returned as undeliverable after seventy-five (75) days from the date of entry of the Preliminary Order.

(d)     Defendants shall resend any such Notice described in Section C.2(b), above, within one hundred and five (105) days from the date of entry of the Preliminary Order.

(e)     Defendants are performing the administrative tasks described in this Section solely for the convenience of the members of the Settlement Class and the Parties, and by performing such tasks, Defendants shall not be deemed to be giving legal advice in any respect nor shall be held responsible in any respect for the failure of any Settlement Class member to receive Notice of the proposed settlement.

3.     A request by a Settlement Class member for exclusion from the Settlement Class ("Request for Exclusion") shall include the person's name and address, the name or number of this Action, and a statement that the person desires to be excluded from the Settlement Class.  All Requests for Exclusion must be signed by or on behalf of the Settlement Class member requesting exclusion.  If a Request for Exclusion does not include all of the foregoing, or if it is not timely made (as described below and in the Notice to the Settlement Class members), it shall not be a valid Request for Exclusion, and the person filing such an invalid Request for Exclusion shall be a member of the Settlement Class.  All persons who file valid Requests for Exclusion, and any person who was a lessee or co-lessee on the same lease with a person submitting a timely and valid Request for Exclusion, shall not be members of the Settlement Class and shall have no rights with respect to this Settlement Agreement.  For a Request for Exclusion to be timely, it must be submitted to Chase Settlement Exclusions, P.O. Box 6378, Boston, Massachusetts 02114, by first class United States mail, postage prepaid, postmarked at least thirty (30) days in advance of the scheduled Final Hearing as set forth in the

Preliminary Order.  For purposes of determining the date of mailing, the date of the

postmark will be controlling, and if no such date can be discerned, the date the Request

for Exclusion is received by Class Counsel will control.  At least ten (10) days in advance

of the Final Hearing, Class Counsel shall file and serve an affidavit identifying all

persons who have made a timely and valid Request for Exclusion (the "Exclusion

Affidavit").

            4.        Members of the Settlement Class who are not excluded from the

Settlement Class by means of a timely and valid Request for Exclusion and who wish to

comment on or object to any aspect of the proposed settlement shall have until thirty (30)

days before the date of the Final Hearing set forth in the Preliminary Order to file written

comments or objections with the Court and serve the same upon Class Counsel and

counsel for Defendants ("Objection").  The Objection shall also include the person's

name and address, the name and number of this Action, and the basis for the Objection.

The Objection must be signed by or on behalf of the Settlement Class member making

the Objection.  Unless the Court directs otherwise for good cause shown, no member of

the Settlement Class, either personally or through counsel, shall be heard or shall be

entitled to contest the approval of the terms and conditions of this Settlement Agreement

or (if approved) the Final Approval to be entered thereon, or the allowance of attorneys'

fees and expenses to Class Counsel, and no papers or briefs submitted by or on behalf of

any member of the Settlement Class shall be received or considered if such written

comments and/or objections are not served and filed as provided herein.

5.    At least fourteen (14) days in advance of the Final Hearing, Defendants shall file with the Court and serve upon Class Counsel an affidavit that Notice has been given in accordance with this Agreement.

**D.    Attorneys' Fees and Expenses.**

Class Counsel shall file and serve a motion for approval of attorneys' fees and expenses at least fourteen (14) days in advance of the Final Hearing.  Class Counsel agree not to seek approval of an award of fees and expenses – for themselves and for any other attorney who may have rendered services to Plaintiff and the Settlement Class in connection with the Class Action – in excess of seven hundred fifty thousand dollars ($750,000).  Defendants agree to not take any position on Class Counsel's motion for approval of attorneys' fees and expenses and to not appeal any order approving attorneys' fees and expenses.  On or before the Attorneys' Fees Payment Date, Defendants shall pay Class Counsel attorneys' fees and expenses as approved by the Court from the amounts otherwise due Settlement Class Members as provided for in Section B.2, above ("Class Counsel attorneys' fees and expenses").

**E.    Payment to Gans as Class Representative.**

Plaintiff Lori B. Gans shall receive the amount of $1,000 – to be paid from the Settlement Fund – for her services as class representative in addition to any payment she may receive pursuant to Section B.2, above ("class representative fee").  Defendants shall make payment to Plaintiff of the class representative fee within sixty (60) days after the date of Final Order.

F.        **Release and Final Order.**

1.       The Parties shall file a joint motion requesting Final Approval of this Settlement Agreement at least fourteen (14) days in advance of the Final Hearing. The joint motion shall request the Court to enter Final Approval approving this Settlement Agreement, substantially in the form attached hereto as Exhibit 3, including, without limitation, approving the terms of the Settlement Agreement as fair, reasonable and adequate, providing for the implementation of the terms and provisions of the Settlement Agreement, finding that the Notice of Settlement given to the members of the Settlement Class satisfies the requirements of due process and the applicable rules, and dismissing the claims of Plaintiff and the Settlement Class against Defendants as set forth in the Amended Complaint, and the counterclaim of Chase against Plaintiff as set forth in the answer thereto, with prejudice and without costs (except as set forth herein).  Class Counsel shall file a memorandum in support of such motion and, at their option, Defendants may also file a memorandum.

2.       For good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, Plaintiff and all members of the Settlement Class, and their respective co-lessees, heirs, executors, administrators, predecessors, assigns, agents, representatives, parent companies, subsidiaries, affiliates, joint ventures, joint venturers, present and former directors, present and former stockholders, present and former officers, present and former owners, present and former employees, insurers, and attorneys, who do not exclude themselves from the Settlement Class, remise, release and forever discharge Chase Auto Finance Corp., Manufacturers Hanover Leasing International Corporation, and Chase Manhattan Service Corporation, and their past or

present officers, directors, shareholders, agents, employees, parents, subsidiaries, affiliates, predecessors, successors, assigns, insurers, and attorneys, from any and all causes of action, lawsuits, claims, counterclaims, judgments and demands, whether known or unknown and whether or not heretofore asserted, including, without limitation, (a) any claims under federal law, including, without limitation, the federal Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. §§ 1961 et seq., the federal Consumer Leasing Act, 15 U.S.C. §§ 1667 et seq., or the regulations promulgated thereunder, including, without limitation, Regulation M, 12 C.F.R. part 213; or (b) any claims under state statutory or common law, including, without limitation, breach of contract, conversion, unjust enrichment, or consumer fraud; or (c) any other claims for relief, including, without limitation, claims for statutory, multiple, punitive, exemplary or actual damages, restitution, accountings, or other relief of any form in law or equity, including, without limitation, any claims for equitable, injunctive or declaratory relief – based upon or arising from the allegations that are contained in the Complaint or Amended Complaint, or that could have been asserted in the Class Action, arising out of, or related in any way to, the form of invoice or the invoicing and payment of any purported excess lease payments.

3.    Each Settlement Class member acknowledges that he or she may hereafter discover facts other than or different from those he or she knows or believes to be true with respect to the subject matter of the released claims that have been released by such party, but each releasing party shall hereby be deemed to have waived and fully, finally and forever settled and released any known or unknown, suspected or unsuspected, contingent or incontinent claim with respect to the released claims that such

17

releasing party has released, whether or not concealed or hidden, without regard to the subsequent discovery or existence of such different or additional facts.

4.      This Release shall not become effective unless and until the Court's Final Approval becomes a Final Order.

5.      Furthermore, it is agreed that if there is Final Approval of the Settlement Agreement and the Final Approval becomes a Final Order, and once Defendants make payment to the members of the Settlement Class as set forth in Section B.2, above, if any Settlement Class member, for whatever reason, does not receive his or her payment check, said Settlement Class member is nonetheless considered to have been paid by Defendants and that Defendants have no further obligation to said Settlement Class member, and said check shall not be considered to be abandoned property but shall be property of the Defendant.

G.      **No Admission of Liability.**   This settlement is agreed to by Defendants solely for the purpose of avoiding the time, expense, risks and inconvenience of continued litigation.  Defendants do not admit that Chase Auto Finance Corp., Manufacturers Hanover Leasing International Corporation, or Chase Manhattan Service Corporation, or any of their past or present officers, directors, shareholders, agents, employees, parents, subsidiaries, affiliates, predecessors, successors, assigns, insurers, and attorneys, are liable to the Settlement Class, or to anyone else, for damages or other relief relating to the claims asserted in the Complaint or Amended Complaint or otherwise.  Neither the fact of this settlement nor anything contained herein may be used or construed by any person as an admission of liability.

H.    **Miscellaneous.**

1.    This Agreement is subject to Court approval.  If the Court refuses to approve this Agreement or if, on appeal any order granting Final Approval is set aside, or if Final Approval is not obtained for any reason, the entire Agreement (except as provided for in Section H.2, below), including the releases, shall be null and void unless the Parties promptly agree to modify the Agreement and proceed with the settlement.  In such event, any costs paid by Defendants in issuing Notice or in otherwise administering this settlement shall be borne solely by Defendants, except in the instance where an appeal is initiated by Plaintiff in which case such costs shall be borne by Plaintiff.  If the Agreement is deemed null and void, Defendants shall have reserved all their rights to oppose any and all class certification motions, to contest the adequacy of Class Counsel as adequate class counsel and the adequacy of Plaintiff as a class representative, and the Settlement Agreement shall not be admissible as evidence during any class certification hearings and will not be used in any subsequent proceedings in this or any other litigation.

2.    Notwithstanding the foregoing, an approval of Class Counsel attorneys' fees and expenses in an amount less than Class Counsel seeks approval for shall not be deemed a disapproval, refusal or modification of this Settlement Agreement or any part thereof, and a modification or reversal on appeal of any order approving Class Counsel attorneys' fees and expenses by any court shall likewise not be deemed a disapproval, refusal or modification of this Settlement Agreement or any part thereof, and the Agreement, including, without limitation, the Release, shall not be null and void but shall continue in full force and effect.  The fact that the Court may make non-substantive

changes to the Preliminary Order, the Notice of Settlement, or the Final Approval does not invalidate the Settlement Agreement or excuse any party from performance thereunder.

3.    Defendants shall have the right to terminate this Agreement if valid and timely Requests for Exclusion are made by more than five hundred (500) members of the Settlement Class.  If Defendants choose to exercise this right, they must so notify Class Counsel within five (5) days after receipt from Class Counsel of the Exclusion Affidavit.

4.    The Parties agree to undertake their reasonable best efforts, including, without limitation, all efforts contemplated by the Settlement Agreement, to carry out the terms of this Settlement Agreement.  In addition to the documents and other matters specifically referenced in the Settlement Agreement, the Parties agree to execute and/or deliver, or cause to be executed and/or delivered, such other documents and/or materials necessary to carry out the terms and conditions of the Settlement Agreement, as may be reasonably necessary to effect the obligations contemplated by the Settlement Agreement.

5.    This Agreement is binding upon the Parties hereto and their respective co-lessees, heirs, executors, administrators, successors, and assigns, and upon any corporation, partnership, or other entity into or with which any such party may merge or consolidate, as well as any and all Settlement Class members who do not timely exclude themselves from the Settlement Class.

6.     This Agreement contains the entire agreement and understanding between the Parties with respect to the settlement of the Class Action, and supersedes all prior understandings and agreements, if any, with respect thereto.

7.     This Agreement may not be amended, supplemented, modified or terminated, nor shall any obligation, term or condition be deemed waived, except by a writing signed by each of Plaintiff and Defendants.

8.     The captions of the Settlement Agreement are for the convenience of reference only and do not in any way limit or amplify the terms and provisions of the Settlement Agreement.

9.     Except for the Notice of Settlement which shall be governed exclusively by the provisions set forth therein and by Section C.2, above, all notices required or permitted to be given by law or by the terms of the Settlement Agreement shall be in writing and shall be considered given upon personal receipt by the party to be served after mailing of such notice by first class United States mail, postage prepaid, addressed to the parties as follows:

if to Plaintiff or the members of the Settlement Class:

Fredric L. Ellis
Joseph M. Makalusky
ELLIS & RAPACKI LLP
85 Merrimac Street
Suite 500
Boston, MA 02114

if to Defendants:

R. Bruce Allensworth
Andrew C. Glass
KIRKPATRICK& LOCKHART
NICHOLSON GRAHAM LLP
75 State Street
Boston, MA 02109-1808

The persons and addresses designated in this paragraph may be changed by any signatory hereto by written notice to the other signatories hereto.

10.     This Agreement shall be governed by the laws of the Commonwealth of Massachusetts without regard to its choice of law or conflict of laws principles.

11.     None of the Parties hereto shall be considered to be the drafter of this Settlement Agreement or any provision hereof for the purpose of any statute, case law or rule of interpretation or construction that would or might cause any provision to be construed against the drafter hereof.

12.     The Court shall retain jurisdiction over the interpretation, effectuation and implementation of this Agreement.

13.     This Agreement may be executed in counterparts with the same effect as if all parties and signatories had signed the same document at the same time.  All counterparts may be consolidated, shall be construed together, and shall constitute one document.

IN WITNESS WHEREOF, the Parties have signed this Agreement on the date first set forth above.

For Plaintiff and the Settlement Class:

By: Lori B. Gans

By: Fredric L. Ellis (BBO #542075)
Joseph M. Makalusky (BBO #631240)
ELLIS & RAPACKI LLP
85 Merrimac Street
Suite 500
Boston, MA 02114
617-523-4800
617-523-6901 (FAX)

For Defendant Chase Auto Finance Corp.:

By:
Title:

For Defendant Manufacturers Hanover Leasing
International Corporation:

By:
Title:

23

For Plaintiff and the Settlement Class:

For Defendant Chase Auto Finance Corp.:

By: Lori B. Gans

By: Joseph Scimone
Title: Senior Vice President

For Defendant Manufacturers Hanover Leasing
International Corporation:

By: Fredric L. Ellis (BBO #542075)
Joseph M. Makalusky (BBO #631240)
ELLIS & RAPACKI LLP
85 Merrimac Street
Suite 500
Boston, MA 02114
617-523-4800
617-523-6901 (FAX)

By: William P. Kusack, Jr.
Title: Senior Vice President

23

# EXHIBIT 1

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| LORI B. GANS, individually and on behalf of a class of persons similarly situated, ) ) ) Plaintiff, ) v. ) CHASE MANHATTAN AUTOMOTIVE FINANCE CORP. and MANUFACTURERS HANOVER LEASING INTERNATIONAL CORPORATION, as successor by merger to CHASE MANHATTAN SERVICE CORPORATION, ) ) ) ) ) ) ) ) Defendants. ) ) | C.A. No. 04-10595-RGS |

**NOTICE OF PENDENCY OF**
**CLASS ACTION, PROPOSED SETTLEMENT, AND HEARING**

*PLEASE READ THIS NOTICE CAREFULLY.*
*THIS IS NOT A NOTICE OF A LAWSUIT AGAINST YOU.*
*YOU MAY BENEFIT FROM READING THIS NOTICE.*

THIS NOTICE WAS SENT TO YOU BECAUSE:

(1)      your motor vehicle lease was transferred or assigned to Chase Auto Finance Corp. f/k/a Chase Manhattan Automotive Finance Corp. ("Chase") or Chase Manhattan Service Corp. and:

(a)      you have a credit entry – equal to either the base monthly payment, the monthly rent payment, or the total monthly payment set forth in the lease agreement – appearing in the general ledger account on Chase's financial records named "Charge Off Income" as of October 31, 2004; and

(b)      no record has been located indicating that such credit entries in the Charge Off Income account were previously paid to you; or

(2)      your motor vehicle lease was transferred or assigned Chase Auto Finance Corp. f/k/a Chase Manhattan Automotive Finance Corp. or Chase Manhattan Service Corp., which lease terminated during the period from March 27, 2000, through July 31, 2004, and you:

(a)      made a monthly lease payment to defendants equal to the total monthly lease payment due under your lease within fifteen (15) days before or thirty (30) days after the Lease Maturity Date; and

(b)      did not retain possession of the vehicle that was the subject of the lease for more than thirty (30) days past the Lease Maturity Date; and

(c)      did not owe any portion of any past due monthly payment at the time the Settlement Bill was generated.

## I.     WHY DID YOU GET THIS NOTICE?

This notice informs you, pursuant to Rule 23(c)(2) of the Federal Rules of Civil Procedure, that there is a settlement pending in the lawsuit entitled <u>Lori B. Gans, individually and on behalf of a class of persons similarly situated v. Chase Manhattan Automotive Finance Corp. and Manufacturers Hanover Leasing International Corporation, as successor by merger to Chase Manhattan Service Corporation,</u> Civil Action No. 04-10595-RGS, filed in the United States District Court for the District of Massachusetts.  The lawsuit was <u>not</u> filed against you.

## II.     WHAT IS THIS LAWSUIT ABOUT?

This lawsuit contends that defendants Chase Auto Finance Corp. f/k/a Chase Manhattan Automotive Finance Corp. ("Chase") and Manufacturers Hanover Leasing International Corporation, as successor by merger to Chase Manhattan Service Corporation, (collectively, "defendants") billed, collected, and retained an additional monthly lease payment from plaintiff and other motor vehicle lessees, which payment was allegedly not due under their respective motor vehicle leases, purportedly in violation of the RICO Act, 18 U.S.C. § 1961 et seq., and common law theories of breach of contract, conversion, and unjust enrichment.  The lawsuit seeks damages as well as injunctive and declaratory relief.

Defendants do not admit to any wrongdoing or liability and deny the same.  Chase filed a counterclaim against plaintiff with respect to one of plaintiff's two lease transactions that are the subject of plaintiff's First Amended Class Action Complaint and Demand for Jury Trial (the "Amended Complaint").

The Court has not ruled on the merits of the parties' claims, counterclaims, or defenses.

The proposed settlement between the parties is a compromise of disputed claims.  The parties have negotiated the settlement in order to avoid the further costs, expenses, and uncertainties of litigation.  The proposed settlement does not mean, and shall not be construed to mean, that defendants are liable with respect to any claim asserted in the Amended Complaint.

## III.     WHO IS IN THE CLASS?

For the purposes of the proposed settlement, the "Settlement Class" includes:

1.     "Settlement Class I," consisting of all persons whose motor vehicle lease was transferred or assigned to defendants and:

(a)     who have a credit entry – equal to either the base monthly payment, the monthly rent payment, or the total monthly payment set forth in the lease agreement – appearing in the general ledger account on Chase's financial records named "Charge Off Income" as of October 31, 2004; and

(b)     for whom no record has been located indicating that such credit entries in the Charge Off Income account were previously paid to any such lessee; and

2.     "Settlement Class II," consisting of all persons whose motor vehicle lease was transferred or assigned to defendants, which lease terminated during the period from March 27, 2000, through July 31, 2004, and who:

(a)     made a monthly lease payment to defendants equal to the total monthly lease payment due under their lease within fifteen (15) days before or thirty (30) days after the Lease Maturity Date; and

(b)     did not retain possession of the vehicle that was the subject of the lease for more than thirty (30) days past the Lease Maturity Date; and

(c)     did not owe any portion of any past due monthly payment at the time the Settlement Bill was generated.

Excluded from the Settlement Class is each person who submits a timely and valid Request for Exclusion (as defined below) in accordance with the procedure set forth below, and any person who was a lessee or co-lessee on the same lease with a person submitting a timely and valid Request for Exclusion.

You have been identified from Chase's records as a member of [Settlement Class I] [Settlement Class II] [both Settlement Classes I and II].

2

**IV.    WHAT ARE THE POTENTIAL BENEFITS?**

A.    The Terms of the Settlement

Subject to approval by the Court, the parties have agreed to a settlement (the "Settlement Agreement") as set forth in pertinent part below. The payments identified below will be in final settlement of all claims against defendants for the alleged violations set forth in the Amended Complaint.

1.    Except as provided for in Section IV.A.2, below, defendants will pay the following compensation:

a.    The 1,037 persons described in Section III.1, above, who are not excluded from Settlement Class I by means of a timely and valid Request for Exclusion (as defined below), shall each receive from defendants compensation in the amount of their credit entry showing on the Charge Off Income general ledger account, minus each such class member's pro-rata share of the Class Counsel attorneys' fees and expenses (as defined below) and class representative fee (as defined below) as approved by the Court, as described in Section IV.A.1(d), below.

b.    The 48,169 persons described in Section III.2, above, who are not excluded from Settlement Class II by means of a timely and valid Request for Exclusion (as defined below), shall each receive from Defendants compensation in the amount of their share of $2,150,476.20, divided by 48,169 (or approximately $44.00), minus each such class member's pro-rata share of the Class Counsel attorneys' fees and expenses (as defined below) and class representative fee (as defined below) as approved by the Court, as described in Section IV.A.1(d), below. The amount of $2,150,476.20 is the difference between $2,500,000 and $349,523.80, the total amount of compensation owed to the members of Settlement Class I (as described in Section III.1, above), regardless of whether any such persons exclude themselves from Settlement Class I.

c.    The 507 members of Settlement Class I who are also members of Settlement Class II, and who are not excluded from the Settlement Class by means of a timely and valid Request for Exclusion (as defined below), shall each receive from Defendants compensation in the amounts owed to them as a member of both Settlement Class I and Settlement Class II, except

that each such class member shall only be responsible as a member of Settlement Class II for their pro-rata share of the Class Counsel attorneys' fees and expenses (as defined below) and class representative fee (as defined below) as approved by the Court, as described in Section IV.A.1(d), below.

d.    Each member of Settlement Class I and Settlement Class II, as modified by Section IV.A.1(c), above, shall be responsible their pro-rata share of the Class Counsel attorneys' fees and expenses (as defined below) and class representative fee (as defined below) as approved by the Court, based upon the total of 48,699 Settlement Class members minus any members who exclude themselves from the Settlement Class.

e.    Class Counsel shall receive – for themselves and for any other attorney who may have rendered services to plaintiff and the Settlement Class in connection with the Class Action – compensation for attorneys' fees and expenses in an amount to be approved by the Court, but in no event to exceed seven hundred fifty thousand dollars ($750,000), to be drawn from the Settlement Fund ("Class Counsel attorneys' fees and expenses").

f.    Plaintiff Lori B. Gans shall receive the amount of $1,000 – to be paid from the Settlement Fund – for her services as class representative in addition to any payment she may receive pursuant to Section IV.A.1(a) or (b), above ("class representative fee").

g.    Defendants shall not be required to make multiple payments to co-lessees who are entitled to relief under this Agreement on account of the same lease transaction, but in such cases, shall make only one payment, for each lease transaction, to the lessee to whom the Lease Billing Statement was sent. Defendants shall have no liability to any co-lessee arising from any claim regarding the division of such funds among co-lessees, nor shall Defendants be responsible to any person for any disputes over the proper recipient of any payments made pursuant to this Settlement Agreement, but in each case, the lessee shall be responsible for the distribution of any portion of the payments made pursuant to the Settlement Agreement to the co-lessee, if any. Likewise, any Class Counsel attorneys' fees and expenses and class representative fee as approved by the Court shall be allocated to the members of the Settlement Class on a per lease basis.

2.      If notice to a Settlement Class member remains undeliverable despite defendants' reasonable efforts as required by the Settlement Agreement, defendants shall have no further liability or obligation to make payment to that Settlement Class member.  Defendants shall be entitled to any remaining portion of the Settlement Fund after all required distributions.

3.      All of the Court's orders regarding the settlement and the lawsuit will apply to you (including the Final Order of Dismissal), and you will be giving defendants a "release," unless you decide not to join the settlement as described below.  A release means that you cannot sue or be part of any other lawsuit against defendants about the claims or issues in this lawsuit at any time in the future.  This release is conditioned upon the approval of the Settlement Agreement by the Court and defendants meeting their obligations therein.

B.      Distribution of the Settlement

1.      You do not need to submit a claim form or any other documentation to receive a distribution.  After Final Approval of the settlement by the Court, a distribution check will automatically be mailed to you if neither you nor any person who was a lessee or co-lessee on the same lease with you has submitted a timely and valid Request for Exclusion (as described below) from the class action and the settlement thereof.

2.      The distribution by defendants to the class members who are not excluded from the Settlement Class by means of a timely and valid Request for Exclusion (as defined below) will occur within sixty (60) days after the date of Final Order (as defined in Section A.6 of the parties' Settlement Agreement).

3.      All payments shall be made by check, each of which shall indicate on its face that it is valid only for a period of one hundred eighty (180) days from the date set forth thereon.  The check shall be made payable only to the lessee to whom the Lease Billing Statement was sent, unless the lessee provides Class Counsel notice otherwise within the time period for filing a Request for Exclusion (as defined below) in advance of the Fairness Hearing (as defined below).  The envelope containing the check shall be addressed to the lessee to whom the Lease Billing Statement was sent and the co-lessee, if any, and sent by first class United States mail, postage prepaid, to the last known address for the lessee to whom the Lease Billing Statement was sent

as contained in Defendants' records or as updated as provided for in the Settlement Agreement.

4.      Any residual amounts of the Settlement Fund remaining after all required distributions are made will revert to defendants.  Such reversion will occur no later than one hundred eighty (180) days after the last distribution is made from the Settlement.

5.      If you do not cash your distribution check before one hundred eighty (180) days from the date appearing on the face of the check, the check will no longer be valid, and it will not be honored.  If your check expires, you will not be entitled to any further distribution from the Settlement Fund, or to a replacement check, or to any further recourse against defendants.  If you fail to cash your distribution check within the 180-day period mentioned above, or if your distribution check is dishonored because the 180-day period mentioned above has expired, such failure to receive payment will not affect the validity of your release of all claims against defendants as described in this notice or in the Settlement Agreement.

V.      **WHO REPRESENTS THE CLASS?**

The following attorneys represent plaintiff Lori B. Gans and the Settlement Class ("Class Counsel"):

Fredric L. Ellis, Esq.
Joseph M. Makalusky, Esq.
ELLIS & RAPACKI LLP
85 Merrimac Street, Suite 500
Boston, Massachusetts 02114
(617) 523-4800

Class Counsel represents your interests in this lawsuit.  You may, however, hire your own attorney at your own cost to advise you in this matter, if you so desire.

VI.      **WHO REPRESENTS DEFENDANTS?**

The following attorneys represent defendants:

R. Bruce Allensworth, Esq.
Andrew C. Glass, Esq.
KIRKPATRICK & LOCKHART
NICHOLSON GRAHAM LLP
75 State Street
Boston, Massachusetts 02109
(617) 261-3100

## VII.    OPINION OF CLASS COUNSEL

The claims asserted on behalf of the Settlement Class against defendants are under the RICO Act, 18 U.S.C. § 1961 et seq., and common law theories of breach of contract, conversion, and unjust enrichment.  The lawsuit seeks damages as well as injunctive and declaratory relief.

After arms'-length negotiations, the parties have reached a settlement with respect to all of the claims in the Amended Complaint.  The parties have entered into a class action settlement agreement, subject to the approval by the Court, providing substantial benefits to the Settlement Class.  After thorough and independent investigation and evaluation of the facts and law relating to the controversy between the parties, Class Counsel has concluded that the monetary benefits afforded by the settlement of the class claims combined with the uncertainties, expense, and duration of litigation support the conclusion that the settlement is fair, reasonable, and in the best interest of plaintiff and the Settlement Class.

## VIII.    FAIRNESS HEARING

A hearing will be held on the fairness of this proposed settlement ("Fairness Hearing").  At the hearing, the Court will be available to hear any timely made objections concerning the fairness of the proposed settlement, including the amount of the award to Class Counsel of attorneys' fees and expenses.  The hearing will take place on _____, 2006, at ___ p.m., before the Honorable Richard G. Stearns in Courtroom No. ___ of the United States District Court for the District of Massachusetts, John Joseph Moakley United States Courthouse, 1 Courthouse Way, Boston, Massachusetts 02210.

**YOU DO <u>NOT</u> NEED TO APPEAR AT THIS HEARING; YOU MAY DECIDE TO APPEAR AT THE HEARING IF YOU OBJECT TO THE SETTLEMENT.**

## IX.    WHAT ARE YOUR OPTIONS?

1.    You have the right to receive a distribution from the payment to be made to the members of the Settlement Class according to the terms described above in the section entitled "WHAT ARE THE POTENTIAL BENEFITS?"  <u>If you wish to receive a distribution</u> from the payment to be made to the members of the Settlement Class, **you do not need to submit a claim form or any other**

**documentation.  After the date of Final Order as set forth in the Settlement Agreement, if neither you nor any person who was a lessee or co-lessee on the same lease with you has submitted a timely and valid Request for Exclusion (as described below) from the class action and settlement thereof, a distribution check will automatically be mailed to you.**

2.    You have the right to request to exclude yourself from the class action and the settlement thereof ("Request for Exclusion").

a.    If you elect to be excluded from the class action and settlement, neither you nor any person who was a lessee or co-lessee on the same lease with you will be bound by any settlement of this action, and neither you nor any person who was a lessee or co-lessee on the same lease with you will receive any of the benefits of the settlement, including the payment of any money.  You will retain and be free to pursue any claims that you may have on your own behalf.

b.    <u>If you so wish to exclude yourself</u>, you must submit your Request for Exclusion in writing by first class United States mail, postage prepaid, to Chase Settlement Exclusions, P.O. Box 6378, Boston, Massachusetts 02114, **which Request for Exclusion must be postmarked at least thirty (30) days in advance of the date of the Fairness Hearing described above in the section entitled "FAIRNESS HEARING,"** i.e., by _____.  <mark>[insert actual deadline date]</mark>  Your Request for Exclusion must include your name and address, the name or number of this action, and a statement that you desire to be excluded from the Settlement Class.  Your Request for Exclusion must be signed by you or on your behalf.  You do <u>not</u> need to appear at the Fairness Hearing.

c.    If a Request for Exclusion does not include all of the foregoing, or if it is not timely made (as described above), it shall not be a valid Request for Exclusion, and the person filing such an invalid Request for Exclusion shall be a member of the Settlement Class.

3.    You have the right to object to the settlement ("Objection") if you are not excluded from the Settlement Class by means of a timely and valid Request for Exclusion.

a.    <u>If you wish to object to the class action and settlement</u>, you must make your Objection in writing and file your objection with the

Clerk of Court for the United States District Court for the District of Massachusetts, John Joseph Moakley United States Courthouse, 1 Courthouse Way, Boston, Massachusetts 02210, **at least thirty (30) days in advance of the date of the Fairness Hearing described above in the section entitled "FAIRNESS HEARING,"** i.e., by _____. [insert actual deadline date] You must serve copies of your Objection to Class Counsel and counsel for defendants listed above in Sections V and VI, respectively, by the same date. Your Objection must include your name and address, the name and number of this action, and the basis for your Objection. Your Objection must be signed by you or on your behalf. You do not need to appear at the Fairness Hearing; you may decide to appear at the hearing if you object to the settlement.

            b.    Unless the Court directs otherwise for good cause shown, no member of the Settlement Class, either personally or through counsel, shall be heard or shall be entitled to contest the approval of the terms and conditions of this Settlement Agreement or (if approved) the Final Approval to be entered thereon, or the allowance of attorneys' fees and expenses to Class Counsel, and no papers or briefs submitted by or on behalf of any member of the Settlement Class shall be received or considered if such Objections are not served and filed as provided herein.

## X.    CORRECT ADDRESS

If this notice was sent to you at your current address, you do not have to do anything further to receive any further notices concerning this case or to receive a distribution from the settlement. If it was forwarded to you by the postal service, or if it was otherwise sent to you at an address that is not current, you should immediately send a letter to Ellis & Rapacki LLP at the above address, stating the name of this case and your past and current addresses.

## XI.    AVAILABILITY OF FILED PLEADINGS

All papers filed in this case are available for you to inspect and copy at your expense at the Office of the Clerk for the United States District Court for the District of Massachusetts, John Joseph Moakley United States Courthouse, 1 Courthouse Way, Boston, Massachusetts 02210, during regular business hours.

## XII.    WHO CAN HELP WITH ADDITIONAL INFORMATION?

The description of this case is general and does not cover all of the issues and proceedings thus far. Any question you or your counsel may have concerning this case should be directed to Ellis & Rapacki LLP at the address listed in Section V, above. **Please include the case name and number and your name and return address on any letters that you send; do not provide this information only on the envelopes.**

**DO NOT ADDRESS ANY QUESTIONS ABOUT THE CASE TO THE CLERK OF COURT OR TO THE JUDGE. They are not permitted to answer your questions.**

Dated: _____ ___, 2006

# EXHIBIT 2

## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| **LORI B. GANS, individually and on behalf of a class of others similarly situated,** | ) | |
| | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| | ) | |
| | ) | |
| **v.** | ) | **C.A. No.:  04-10595-RGS** |
| | ) | |
| **CHASE MANHATTAN AUTOMOTIVE FINANCE CORP. and MANUFACTURERS HANOVER LEASING INTERNATIONAL CORPORATION, as successor by merger to CHASE MANHATTAN SERVICE CORPORATION,** | ) | |
| **Defendants.** | ) | |

### [PROPOSED] ORDER PRELIMINARILY
### APPROVING THE CLASS ACTION SETTLEMENT

The plaintiff, Lori B. Gans ("Plaintiff"), individually and on behalf of a class of others more particularly defined herein (the "Settlement Class"), and defendants Chase Auto Finance Corp. f/k/a Chase Manhattan Automotive Finance Corp. ("Chase") and Manufacturers Hanover Leasing International Corporation, the successor by merger to Chase Manhattan Service Corporation (collectively "Defendants"), having applied pursuant to Rule 23 of the Federal Rules of Civil Procedure for an order (i) preliminarily approving the proposed settlement of the litigation in accordance with the Class Action Settlement Agreement (the "Settlement Agreement" or "Agreement") filed with the Court, and (ii) conditionally certifying the class as defined in the Settlement Agreement; and the Court having considered the Settlement Agreement and accompanying documents:

IT IS HEREBY ORDERED AS FOLLOWS:

1.      Capitalized terms used in this Order have the meanings assigned to them in the Settlement Agreement.

2.      The terms of the Settlement Agreement are hereby preliminarily approved, subject to further consideration thereof at the Final Hearing (as defined below) provided for below.  The Court finds that the settlement is sufficiently within the range of reasonableness that notice of the proposed settlement should be given as provided in paragraph 8 of this Order.

3.      The Court makes a preliminary determination that, for settlement purposes only, the Settlement Class meets the requirements for certification under Fed. R. Civ. P. 23(a) and (b)(3).

4.      The Court hereby conditionally certifies a settlement class (the "Settlement Class") that shall include:

   (a)      "Settlement Class I," consisting of all persons whose motor vehicle lease was transferred or assigned to Defendants and:

   (i)      who have a credit entry – equal to either the base monthly payment, the monthly rent payment, or the total monthly payment set forth in the lease agreement – appearing in the general ledger account on Chase's financial records named "Charge Off Income" as of October 31, 2004; and

   (ii)      for whom no record has been located indicating that such credit entries in the Charge Off Income account were previously paid to any such lessee; and

(b)    "Settlement Class II," consisting of all persons whose motor vehicle lease was transferred or assigned to Defendants, which lease terminated during the period from March 27, 2000, through July 31, 2004, and who:

(i)    made a monthly lease payment to Defendants equal to the total monthly lease payment due under their lease within fifteen (15) days before or thirty (30) days after the Lease Maturity Date; and

(ii)    did not retain possession of the vehicle that was the subject of the lease for more than thirty (30) days past the Lease Maturity Date; and

(iii)    did not owe any portion of any past due monthly payment at the time the Settlement Bill was generated.

Excluded from the Settlement Class is each person who submits a timely and valid Request for Exclusion (as defined below) in accordance with the procedure set forth below, and any person who was a lessee or co-lessee on the same lease with a person submitting a timely and valid Request for Exclusion.

5.    The Court further conditionally finds that the plaintiff, Lori B. Gans, has adequately and fairly represented the Settlement Class and is hereby appointed Class Representative.  The Court further conditionally finds that Class Counsel has adequately represented the interests of the Settlement Class.  Fredric L. Ellis, Esq. and Joseph M. Makalusky, Esq. are appointed Class Counsel.  If the Settlement Agreement is terminated or is not consummated for any reason whatsoever: the conditional certification of the Settlement Agreement shall be void; Defendants shall have reserved all their rights (a) to oppose or appeal any and all class certification motions and any issues relating to class certification or the merits of Plaintiff's claims against Defendants, and (b) to contest the adequacy of Class Counsel as adequate class counsel and the adequacy of the Class

Representative as an adequate class representative; and the Settlement Agreement shall not be admissible as evidence during any class certification hearings.

6.      By entering into the Settlement Agreement, Defendants have not admitted to any wrongdoing or liability on their part and deny the same.  The Settlement Agreement between the parties is a compromise of disputed claims and does not mean, and shall not be construed to mean, that Defendants are liable with respect to any claim asserted in this action.

7.      The Court approves the form of the Notice, attached as Exhibit 1 to the Settlement Agreement.  The Court preliminarily finds that dissemination of the Notice in the manner and form set forth in paragraph 8 of this Order meets the requirements of Fed. R. Civ. P. 23 and due process, is the best notice practicable under the circumstances and shall constitute due and sufficient notice to all persons entitled thereto.

8.      Within forty-five (45) days from the entry of this Order, or as soon as practicable, Defendants shall cause a copy of the Notice, substantially in the form of Exhibit 1 to the Settlement Agreement, to be sent by first class United States mail, postage prepaid, to the last known address for the lessee to whom the Lease Billing Statement was sent as provided in the Settlement Agreement.  On or before fourteen (14) days before the Final Hearing (as defined below), Defendants shall file and serve proof, by affidavit, of such mailings.

9.      A hearing on final settlement approval (the "Final Hearing") is hereby scheduled to be held on _____ ___, 2006, at _____ in Courtroom ___ of the United States District Court for the District of Massachusetts, 1 Courthouse Way, Boston, Massachusetts 02210, to consider the fairness, reasonableness, and adequacy of the

4

proposed settlement, the dismissal with prejudice of this action, an award of Class

Counsel attorneys' fees and expenses, and the entry of final judgment in this action.

10.     The Court may adjourn the Final Hearing without further notice to the

members of the Settlement Class other than that which may be posted by the Court.

11.     Any member of the Settlement Class who is not excluded from the

Settlement Class by means of a timely and valid Request for Exclusion may, but need

not, appear at the Final Hearing personally or through counsel, provided that an

appearance is served and filed as hereinafter provided.  Members of the Settlement Class

who do not enter an appearance through their own attorneys will be represented by Class

Counsel.  Any member of the Settlement Class who is not excluded from the Settlement

Class by means of a timely and valid Request for Exclusion, either personally or through

counsel, may comment in support of, or in opposition to, any aspect of the proposed

settlement, provided that any such notice of appearance, comments and/or objections are

detailed in writing and filed with the Court at least thirty (30) days before the Final

Hearing, include the member's name and address and the name and number of this

Action, and provide the basis for the objection.  The objection must be signed by or on

behalf of the Settlement Class member making the objection.  A copy of any notice of

appearance, written comment and/or objection must, at the time of filing, also be served

on each of the following counsel:

| | |
|---|---|
| Fredric L. Ellis | R. Bruce Allensworth |
| Joseph M. Makalusky | Andrew C. Glass |
| ELLIS & RAPACKI LLP | KIRKPATRICK& LOCKHART |
| 85 Merrimac Street | NICHOLSON GRAHAM LLP |
| Suite 500 | 75 State Street |
| Boston, MA 02114 | Boston, MA 02109 |
| (617) 523-4800 | (617) 261-3100 |
| *Class Counsel* | *Counsel for Defendants* |

12.     Unless the Court otherwise directs for good cause shown, no member of the Settlement Class, either personally or through counsel, shall be heard or shall be entitled to contest the approval of the terms and conditions of the settlement or (if approved) the Order to be entered thereon, or the allowance of attorneys' fees and expenses to Class Counsel, and no papers or briefs submitted by or on behalf of any member of the Settlement Class shall be received and considered if such notice of appearance, written comments and/or objections are not served and filed as provided in the Settlement Agreement and herein.

13.     All members of the Settlement Class have the option of excluding themselves from the Settlement Class by submitting, by first class United States mail, postage prepaid, a valid "Request for Exclusion" postmarked not later than thirty (30) days before the Final Hearing and addressed to Chase Settlement Exclusions, P.O. Box 6378, Boston, Massachusetts 02114.  A Request for Exclusion must set forth the following information with respect to the person requesting exclusion:  the person's name and address, the name or number of this Action, and a statement that the person wishes to be excluded from the Settlement Class.  All Requests for Exclusion must be signed by or on behalf of the person that wishes to be excluded from the Settlement Class.

14.     If a Request for Exclusion does not include all of the foregoing information, or if a Request for Exclusion is untimely, it shall not be a valid Request for Exclusion, and the person filing an invalid Request for Exclusion shall be a member of the Settlement Class.  All persons who properly submit a timely and valid Request for Exclusion from the Settlement Class, and any person who was a lessee or co-lessee on the same lease with a person submitting a timely and valid Request for Exclusion, shall not

be members of the Settlement Class and shall have no rights with respect to the settlement and no interest in the settlement.

15.    At least ten (10) days in advance of the Final Hearing, Class Counsel shall file and serve an affidavit identifying all persons who have made a timely and valid Request for Exclusion ("Exclusion Affidavit").

16.    Defendants shall have the right to terminate the Settlement Agreement if valid and timely Requests for Exclusion are made by more than five hundred (500) members of the Settlement Class.  If Defendants choose to exercise this right, they must so notify Class Counsel within five (5) days after receipt from Class Counsel of the Exclusion Affidavit.

17.    All proceedings by any member of the Settlement Class against the Defendants relating to the Alleged Conduct are hereby stayed until such time as the Court renders a final decision regarding the approval of the settlement and, if it approves the settlement, enters Final Approval as provided in the Settlement Agreement.

18.    Upon approval of the settlement provided for in the Settlement Agreement, the Settlement Agreement and each and every term and provision thereof shall be deemed incorporated herein as if expressly set forth and shall have the full force and effect of an Order of this Court.

19.    All costs incurred in providing Notice to the members of the Settlement Class, as well as other settlement and administration costs, shall be paid as set forth in the Settlement Agreement.

SO ORDERED this ___ day of _____, 2006.


_____
Judge Richard G. Stearns
United States District Court

# EXHIBIT 3

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | | |
|---|---|---|
| LORI B. GANS, individually and on behalf of a class of others similarly situated, | ) ) ) | |
| Plaintiff, | ) ) ) ) | |
| v. | ) ) | C.A. No.:  04-10595-RGS |
| CHASE MANHATTAN AUTOMOTIVE FINANCE CORP. and MANUFACTURERS HANOVER LEASING INTERNATIONAL CORPORATION, as successor by merger to CHASE MANHATTAN SERVICE CORPORATION, | ) ) ) ) ) ) | |
| Defendants. | ) ) | |

**[PROPOSED]  FINAL ORDER APPROVING THE**
**CLASS ACTION SETTLEMENT AND FINAL JUDGMENT**

The Court:

(1)    having considered the Parties' joint motion (the "Motion") for Final Approval of the Settlement Agreement, dated February 28, 2006, by and between the plaintiff, Lori B. Gans ("Plaintiff"), individually and on behalf of a class of others more particularly defined herein (the "Settlement Class"), and defendants Chase Auto Finance Corp. f/k/a Chase Manhattan Automotive Finance Corp. ("Chase") and Manufacturers Hanover Leasing International Corporation, the successor by merger to Chase Manhattan Service Corporation (collectively "Defendants"), and the schedule and exhibits attached thereto;

(2)    having considered all of the submissions and arguments with respect to the Motion;

(3)     having entered an order on _____, 2006, conditionally certifying

a "Settlement Class" that includes:

      (a)     "Settlement Class I," consisting of all persons whose motor vehicle lease was transferred or assigned to Defendants and:

            (i)     who have a credit entry – equal to either the base monthly payment, the monthly rent payment, or the total monthly payment set forth in the lease agreement – appearing in the general ledger account on Chase's financial records named "Charge Off Income" as of October 31, 2004; and

            (ii)     for whom no record has been located indicating that such credit entries in the Charge Off Income account were previously paid to any such lessee; and

      (b)     "Settlement Class II," consisting of all persons whose motor vehicle lease was transferred or assigned to Defendants, which lease terminated during the period from March 27, 2000, through July 31, 2004, and who:

            (i)     made a monthly lease payment to Defendants equal to the total monthly lease payment due under their lease within fifteen (15) days before or thirty (30) days after the Lease Maturity Date; and

            (ii)     did not retain possession of the vehicle that was the subject of the lease for more than thirty (30) days past the Lease Maturity Date; and

            (iii)     did not owe any portion of any past due monthly payment at the time the Settlement Bill was generated.

Excluded from the Settlement Class is each person who submitted a timely and valid Request for Exclusion in accordance with the procedure set forth in the Settlement Agreement, and any person who was a lessee or co-lessee on the same lease with a person who submitted a timely and valid Request for Exclusion;

(4)     having directed that Notice be given to the Settlement Class of the proposed settlement and of a hearing scheduled to determine whether the proposed

settlement should be approved as fair, reasonable, and adequate to the Settlement Class and to hear any objections to any of these matters (the "Final Hearing"); and

(5)    having held the Final Hearing and considered the submissions and arguments made in connection therewith, hereby FINDS as follows:

1.    That the Notice to the Settlement Class, including, without limitation, the form of Notice and the means of giving Notice to the members of the Settlement Class, has been given in an adequate and sufficient manner and constitutes the best notice practicable, complying in all respects with the requirements of due process.

2.    That Class Counsel has fairly and adequately represented and protected the interests of the Settlement Class.

3.    That, for purposes of Final Approval of this Settlement Agreement, pursuant to Fed. R. Civ. P. 23(a) and (b), the Court finds, for purposes of this settlement only, that:

(a)    The Settlement Class is so numerous that joinder of all members is impracticable;

(b)    There are questions of law or fact common to the Settlement Class;

(c)    The claims of the Class Representative are typical of the claims of the Settlement Class;

(d)    The Class Representative has fairly and adequately protected the interests of the Settlement Class;

(e)    The questions of law or fact common to the members of the Settlement Class predominate over any questions affecting only individual members; and

3

(f)     A class action is superior to other available methods for the fair and efficient adjudication of the controversy.

4.     That the Settlement Class is certified for purposes of settlement only.

5.     That the Court has held a hearing to consider the fairness, reasonableness and adequacy of the proposed settlement, **[**has been advised of all objections to the settlement and has overruled such objections.**]**

6.     That arms'-length negotiations have taken place in good faith between Class Counsel and Defendants and have resulted in the proposed settlement, as provided in the Settlement Agreement.

7.     That, for purposes of Fed. R. Civ. P. 23(e), the settlement, as provided for by the Settlement Agreement, is in all respects fair, reasonable, adequate, and proper and is in the best interests of the Settlement Class; that the settlement is accordingly finally APPROVED; and that, in accordance with the terms of the Settlement Agreement, which are hereby incorporated by reference as though fully set forth herein, it is hereby ORDERED, ADJUDGED and DECREED:

(a)     That all claims asserted in the First Amended Class Action Complaint against Defendants are hereby dismissed with prejudice, and that Chase's counterclaims are hereby dismissed with prejudice, both dismissals being made without fees or costs other than what has been provided for in herein and in the Settlement Agreement;

(b)     That Chase Auto Finance Corp., Manufacturers Hanover Leasing International Corporation, and Chase Manhattan Service Corporation, and their past or present officers, directors, shareholders, agents, employees, parents, subsidiaries,

4

affiliates, predecessors, successors, assigns, insurers, and attorneys, are hereby released and forever discharged from any and all causes of action, lawsuits, claims, counterclaims, judgments and demands, whether known or unknown and whether or not heretofore asserted, including, without limitation, (a) any claims under federal law, including, without limitation, the federal Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. §§ 1961 et seq., the federal Consumer Leasing Act, 15 U.S.C. §§ 1667 et seq., or the regulations promulgated thereunder, including, without limitation, Regulation M, 12 C.F.R. part 213; or (b) any claims under state statutory or common law, including, without limitation, breach of contract, conversion, unjust enrichment, or consumer fraud; or (c) any other claims for relief, including, without limitation, claims for statutory, multiple, punitive, exemplary or actual damages, restitution, accountings, or other relief of any form in law or equity, including, without limitation, any claims for equitable, injunctive or declaratory relief – based upon or arising from the allegations that are contained in the Complaint or Amended Complaint, or that could have been asserted in the Class Action, arising out of, or related in any way to, the form of invoice or the invoicing and payment of any purported excess lease payments;

(c)    That Plaintiff and all members of the Settlement Class, and their respective co-lessees, heirs, executors, administrators, predecessors, assigns, agents, representatives, parent companies, subsidiaries, affiliates, joint ventures, joint venturers, present and former directors, present and former stockholders, present and former officers, present and former owners, present and former employees, insurers, and attorneys, who have not excluded themselves from the Settlement Class, hereafter shall not be permitted in any suit, action, or proceeding to seek to establish liability of any kind

against Chase Auto Finance Corp., Manufacturers Hanover Leasing International Corporation, or Chase Manhattan Service Corporation, or their past or present officers, directors, shareholders, agents, employees, parents, subsidiaries, affiliates, predecessors, successors, assigns, insurers, or attorneys, on any released claim;

(d)     That each member of the Settlement Class acknowledges that he or she may hereafter discover facts other than or different from those that he or she knows or believes to be true with respect to the subject matter of the released claims that have been released by such party, but each releasing party shall hereby be deemed to have waived and fully, finally and forever settled and released any known or unknown, suspected or unsuspected, contingent or non-contingent claim with respect to the released claims that such releasing party has released, whether or not concealed or hidden, without regard to the subsequent discovery or existence of such different or additional facts;

(e)     That once Defendants make payment to the members of the Settlement Class as set forth in Section B.2 of the Settlement Agreement, if any Settlement Class member, for whatever reason, does not receive his or her payment check, said Settlement Class member is nonetheless considered to have been paid by Defendants and that Defendants have no further obligation to said Settlement Class member, and said check shall not be considered to be abandoned property but shall be property of the Defendant;

(f)     That nothing in this Order or the Settlement Agreement and no aspect of the settlement is or shall be deemed or construed to be an admission, concession or evidence of any violation of any statute or law or of any liability or wrongdoing by

Defendants or of the truth of any of the claims or allegations contained in the Class Action;

(g)     The Clerk is therefore directed to enter a final judgment of dismissal with prejudice of all claims pursuant to Fed. R. Civ. P. 58;

(h)     That the Parties are hereby directed to take all of the actions required under the terms and provisions of the Settlement Agreement;

(i)     The Court retains jurisdiction of all matters relating to the interpretation, administration, implementation, effectuation, and enforcement of the Settlement Agreement.  The Court further retains jurisdiction to enforce this Order entered this day, and may enter additional orders to effectuate the fair and orderly administration of the settlement as may from time to time be appropriate; and

(j)     That Class Counsel's application for attorneys' fees and expenses in the amount of seven hundred fifty thousand dollars ($750,000) is approved as fair and reasonable.

8.     The Court finds that all members of the Settlement Class who properly requested exclusion, whose names are listed on the attachment to the affidavit of Class Counsel dated _____, 2006, and any person who was a lessee or co-lessee on the same lease with a person who submitted a timely and valid Request for Exclusion, are excluded from the Settlement Class.

9.     The terms used in this Order that are defined in the Settlement Agreement or the Order Preliminarily Approving Proposed Settlement, unless otherwise defined herein, are used in this Order as defined in the Settlement Agreement or the Order Preliminarily Approving Settlement.

SO ORDERED this ___ day of _____, 2006.

_____
Judge Richard G. Stearns
United States District Court