UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| LORI B. GANS, individually and on behalf of a class of persons similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>CHASE MANHATTAN AUTOMOTIVE FINANCE CORP. and MANUFACTURERS HANOVER LEASING INTERNATIONAL CORPORATION, as successor by merger to CHASE MANHATTAN SERVICE CORPORATION,<br><br>Defendants. | C.A. No. 04-10595-RGS |

## AFFIDAVIT OF FREDRIC L. ELLIS

I, Fredric L. Ellis, under pains and penalties of perjury, state as follows:

1. I am a member of the bar of the Commonwealth of Massachusetts, BBO # 542075, and a member of the bar of the United States District Court for the District of Massachusetts.

2. This lawsuit was filed on March 26, 2004 alleging that the Defendants had billed, collected and retained an additional monthly lease payment from Plaintiff and other motor vehicle lessees which payment was not due under their respective motor vehicle leases.

3. Through both formal and informal discovery conducted in 2004 and 2005 (including the production of thousand of pages of documents and the results of a review of data from relevant lease files) the facts relevant to the claims of Plaintiff and class members have been extensively investigated. Specifically, the parties' review of data

revealed that with respect to the subject lease payments, Defendants had credited such payments to class members' accounts with respect to approximately 98% of the lessees who made such lease payments.

4. After this discovery was provided, I engaged in extensive arms-length settlement negotiations with Defendants' counsel over the course of several months. The negotiations were hard fought, involving concessions from each side. The Settlement Agreement was finalized on February 28, 2006.

5. The Defendants provided two lists of class members. The first list consists of 1,037 class members, who a) have a credit entry showing on the Charge-Off Income general ledger of defendant Chase Manhattan Automotive Finance Corp., n/k/a Chase Auto Finance Corp., in the amount of their monthly lease payment; and b) no record has been located showing that such credit entry was paid. Each of these class members will receive the amount of their credit entry minus each such class members pro rata share of Class Counsel's attorneys' fees and expenses and class representative fee. The second list consists of 48,167 class members who a) between March 27, 2000 and July 31, 2004 made a monthly payment between 15 days before and 30 days after their Lease Maturity Date; b) did not retain possession of the vehicle that was the subject of the lease for more than thirty (30) days past the Lease Maturity Date; and c) did not owe any portion of any past due monthly payment at the time their lease and Settlement Bill was generated. Under the Settlement Agreement, each of these class members will receive approximately $44.00 minus each such class members pro rata share of Class Counsel's attorneys' fees and expenses and class representative fee. Class members who meet the requirements of both groups will receive the amount of their credit entry, plus approximately $44.00,

minus each such class members pro rata share of Class Counsel's attorneys' fees and expenses and class representative fee. The class members are from many different states.

    6. I and the members of my firm are experienced in the investigation and prosecution of consumer class actions in both state and federal court. Some of the class action cases in which I have served as lead plaintiffs' counsel are as follows:

        i.    <u>In re GECC Bankruptcy Reaffirmation Agreements Litigation</u>, U.S.D.C. (N.D. Ill.) MDL No. 1192 (final approval granted to $100 million settlement on behalf of nationwide class challenging bankruptcy reaffirmation practices of General Electric Capital Corporation and its affiliates);

        ii.    <u>Ciardi, et al. v. F. Hoffmann LaRoche, Ltd., et al.</u>, Middlesex Superior Court) C.A. No. 99-3244 (final approval given to numerous price-fixing class action settlements in the bulk vitamin industry amounting to approximately $23 million);

        iii.    <u>Roberts, et al. v. Bausch & Lomb</u>, USDC (N.D. Ala., Western Div.) C.A. No. 94-C-1144-W (final approval granted to $68 million settlement obtained on behalf of nationwide class of buyers of contact lenses);

        iv.    <u>Barry J. Hurst, Individually and on behalf of a class of persons similarly situated v. Federated Department Stores, et al.</u>, U.S.D.C. (D. Mass.) C.A. No.97-11479-NG (final approval granted to $8 million settlement on behalf of nationwide class challenging bankruptcy reaffirmation practices of Federated Department Stores);

        v.    <u>Feiss v. MediaOne Group, Inc.</u>, U.S.D.C. (N.D.Ga.) C.A.No. 99-CV-1170 (final approval pending for $20 million settlement on behalf of New England cable television customers challenging advertising practices of cable television company).

    7. It is my belief that the settlement is fair and reasonable in that it achieves a recovery for those lessees for whom no record has been located indicating that their credit entries in the Charge Off Income account were previously paid to such lessees, and for the vast majority of class members (approximately 98% based upon the parties' review of

data) who already received a credit, it results in compensation which exceeds any actual damages.

Signed and sworn under the penalties of perjury this 10th day of March, 2006.

    s/ Fredric L. Ellis_____
    Fredric L. Ellis

## CERTIFICATE OF SERVICE

I hereby certify that on March 10, 2006, I electronically filed the foregoing document with the Clerk of the Court using the ECF System which will send notification of such filing to the following:

R. Bruce Allensworth, Esq.
Andrew C. Glass, Esq.
Kirkpatrick & Lockhart LLP
75 State Street
Boston, MA  02109

    /s/ Fredric L. Ellis_____
    Fredric L. Ellis

Date:  March 10, 2006