UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| LORI B. GANS, individually and on behalf of a class of others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>CHASE MANHATTAN AUTOMOTIVE FINANCE CORP. and MANUFACTURERS HANOVER LEASING INTERNATIONAL CORPORATION, as successor by merger to CHASE MANHATTAN SERVICE CORPORATION,<br><br>Defendants. | C.A. No.: 04-10595-RGS |

## [PROPOSED] ORDER PRELIMINARILY APPROVING THE CLASS ACTION SETTLEMENT

The plaintiff, Lori B. Gans ("Plaintiff"), individually and on behalf of a class of others more particularly defined herein (the "Settlement Class"), and defendants Chase Auto Finance Corp. f/k/a Chase Manhattan Automotive Finance Corp. ("Chase") and Manufacturers Hanover Leasing International Corporation, the successor by merger to Chase Manhattan Service Corporation (collectively "Defendants"), having applied pursuant to Rule 23 of the Federal Rules of Civil Procedure for an order (i) preliminarily approving the proposed settlement of the litigation in accordance with the Class Action Settlement Agreement (the "Settlement Agreement" or "Agreement") filed with the Court, and (ii) conditionally certifying the class as defined in the Settlement Agreement; and the Court having considered the Settlement Agreement and accompanying documents:

BOS-921637 v10 0517725-0301

IT IS HEREBY ORDERED AS FOLLOWS:

1. Capitalized terms used in this Order have the meanings assigned to them in the Settlement Agreement.

2. The terms of the Settlement Agreement are hereby preliminarily approved, subject to further consideration thereof at the Final Hearing (as defined below) provided for below. The Court finds that the settlement is sufficiently within the range of reasonableness that notice of the proposed settlement should be given as provided in paragraph 8 of this Order.

3. The Court makes a preliminary determination that, for settlement purposes only, the Settlement Class meets the requirements for certification under Fed. R. Civ. P. 23(a) and (b)(3).

4. The Court hereby conditionally certifies a settlement class (the "Settlement Class") that shall include:

> (a) "Settlement Class I," consisting of all persons whose motor vehicle lease was transferred or assigned to Defendants and:
>
>> (i) who have a credit entry – equal to either the base monthly payment, the monthly rent payment, or the total monthly payment set forth in the lease agreement – appearing in the general ledger account on Chase's financial records named "Charge Off Income" as of October 31, 2004; and
>>
>> (ii) for whom no record has been located indicating that such credit entries in the Charge Off Income account were previously paid to any such lessee; and

  (b) "Settlement Class II," consisting of all persons whose motor vehicle lease was transferred or assigned to Defendants, which lease terminated during the period from March 27, 2000, through July 31, 2004, and who:

    (i) made a monthly lease payment to Defendants equal to the total monthly lease payment due under their lease within fifteen (15) days before or thirty (30) days after the Lease Maturity Date; and

    (ii) did not retain possession of the vehicle that was the subject of the lease for more than thirty (30) days past the Lease Maturity Date; and

    (iii) did not owe any portion of any past due monthly payment at the time the Settlement Bill was generated.

Excluded from the Settlement Class is each person who submits a timely and valid Request for Exclusion (as defined below) in accordance with the procedure set forth below, and any person who was a lessee or co-lessee on the same lease with a person submitting a timely and valid Request for Exclusion.

  5. The Court further conditionally finds that the plaintiff, Lori B. Gans, has adequately and fairly represented the Settlement Class and is hereby appointed Class Representative. The Court further conditionally finds that Class Counsel has adequately represented the interests of the Settlement Class. Fredric L. Ellis, Esq. and Joseph M. Makalusky, Esq. are appointed Class Counsel. If the Settlement Agreement is terminated or is not consummated for any reason whatsoever: the conditional certification of the Settlement Agreement shall be void; Defendants shall have reserved all their rights (a) to oppose or appeal any and all class certification motions and any issues relating to class certification or the merits of Plaintiff's claims against Defendants, and (b) to contest the adequacy of Class Counsel as adequate class counsel and the adequacy of the Class

Representative as an adequate class representative; and the Settlement Agreement shall not be admissible as evidence during any class certification hearings.

6. By entering into the Settlement Agreement, Defendants have not admitted to any wrongdoing or liability on their part and deny the same. The Settlement Agreement between the parties is a compromise of disputed claims and does not mean, and shall not be construed to mean, that Defendants are liable with respect to any claim asserted in this action.

7. The Court approves the form of the Notice, attached as Exhibit 1 to the Settlement Agreement. The Court preliminarily finds that dissemination of the Notice in the manner and form set forth in paragraph 8 of this Order meets the requirements of Fed. R. Civ. P. 23 and due process, is the best notice practicable under the circumstances and shall constitute due and sufficient notice to all persons entitled thereto.

8. Within forty-five (45) days from the entry of this Order, or as soon as practicable, Defendants shall cause a copy of the Notice, substantially in the form of Exhibit 1 to the Settlement Agreement, to be sent by first class United States mail, postage prepaid, to the last known address for the lessee to whom the Lease Billing Statement was sent as provided in the Settlement Agreement. On or before fourteen (14) days before the Final Hearing (as defined below), Defendants shall file and serve proof, by affidavit, of such mailings.

9. A hearing on final settlement approval (the "Final Hearing") is hereby scheduled to be held on Tuesday August 29, 2006, at 2:30 pm in Courtroom 21 of the United States District Court for the District of Massachusetts, 1 Courthouse Way, Boston, Massachusetts 02210, to consider the fairness, reasonableness, and adequacy of the

4

proposed settlement, the dismissal with prejudice of this action, an award of Class Counsel attorneys' fees and expenses, and the entry of final judgment in this action.

10. The Court may adjourn the Final Hearing without further notice to the members of the Settlement Class other than that which may be posted by the Court.

11. Any member of the Settlement Class who is not excluded from the Settlement Class by means of a timely and valid Request for Exclusion may, but need not, appear at the Final Hearing personally or through counsel, provided that an appearance is served and filed as hereinafter provided. Members of the Settlement Class who do not enter an appearance through their own attorneys will be represented by Class Counsel. Any member of the Settlement Class who is not excluded from the Settlement Class by means of a timely and valid Request for Exclusion, either personally or through counsel, may comment in support of, or in opposition to, any aspect of the proposed settlement, provided that any such notice of appearance, comments and/or objections are detailed in writing and filed with the Court at least thirty (30) days before the Final Hearing, include the member's name and address and the name and number of this Action, and provide the basis for the objection. The objection must be signed by or on behalf of the Settlement Class member making the objection. A copy of any notice of appearance, written comment and/or objection must, at the time of filing, also be served on each of the following counsel:

| | |
|---|---|
| Fredric L. Ellis | R. Bruce Allensworth |
| Joseph M. Makalusky | Andrew C. Glass |
| ELLIS & RAPACKI LLP | KIRKPATRICK & LOCKHART |
| 85 Merrimac Street | NICHOLSON GRAHAM LLP |
| Suite 500 | 75 State Street |
| Boston, MA 02114 | Boston, MA 02109 |
| (617) 523-4800 | (617) 261-3100 |
| *Class Counsel* | *Counsel for Defendants* |

be members of the Settlement Class and shall have no rights with respect to the settlement and no interest in the settlement.

15.  At least ten (10) days in advance of the Final Hearing, Class Counsel shall file and serve an affidavit identifying all persons who have made a timely and valid Request for Exclusion ("Exclusion Affidavit").

16.  Defendants shall have the right to terminate the Settlement Agreement if valid and timely Requests for Exclusion are made by more than five hundred (500) members of the Settlement Class. If Defendants choose to exercise this right, they must so notify Class Counsel within five (5) days after receipt from Class Counsel of the Exclusion Affidavit.

17.  All proceedings by any member of the Settlement Class against the Defendants relating to the Alleged Conduct are hereby stayed until such time as the Court renders a final decision regarding the approval of the settlement and, if it approves the settlement, enters Final Approval as provided in the Settlement Agreement.

18.  Upon approval of the settlement provided for in the Settlement Agreement, the Settlement Agreement and each and every term and provision thereof shall be deemed incorporated herein as if expressly set forth and shall have the full force and effect of an Order of this Court.

19.  All costs incurred in providing Notice to the members of the Settlement Class, as well as other settlement and administration costs, shall be paid as set forth in the Settlement Agreement.

SO ORDERED this 21st day of March, 2006.

/s/ Richard G. Stearns
_____
Judge Richard G. Stearns
United States District Court

8

SO ORDERED this 21st day of March, 2006.