UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| LORI B. GANS, individually and on behalf of a class of others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>CHASE MANHATTAN AUTOMOTIVE FINANCE CORP. and MANUFACTURERS HANOVER LEASING INTERNATIONAL CORPORATION, as successor by merger to CHASE MANHATTAN SERVICE CORPORATION,<br><br>Defendants. | C.A. No.: 04-10595-RGS |

## AFFIDAVIT OF FREDRIC L. ELLIS

I, Fredric L. Ellis, under the pains and penalties of perjury, hereby state and affirm as follows with regard to Plaintiff's Memorandum in Support of Joint Motion For Final Approval of Class Action Settlement and Award of Attorneys' Fees:

1. I have been attorney duly admitted to practice in the Commonwealth of Massachusetts, BBO# 542075 since 1983. I was the lead Plaintiff's attorney in settlement negotiations with the Defendants.

2. Settlement discussions first began in spring 2005, and continued until February of 2006. The Settlement Agreement was executed on February 28, 2006.

3. All settlement negotiations which occurred in this case were conducted on an arm's-length basis. The negotiations were hard fought with both sides making concessions. There never was any collusion between or among Class Counsel and

Defendants. Rather, Class Counsel carefully considered the information developed as a result of the investigation and discovery conducted in the case and the probabilities of success in light of existing caselaw and Defendants' arguments. The Settlement represents a compromise by both sides and Class Counsel believe that, considering all of the issues relevant to the likelihood of success, the Settlement is fair, reasonable and adequate.

4.     I was involved in the process of identifying class members and have reviewed the final class member list. There are approximately 50,000 class members from many different states.

5.     I believe that my firm has diligently represented the interests of the Settlement Class in this matter. Substantial investigation of the validity of the claims was undertaken before the complaint was filed. The complaint was drafted to ensure that it stated claims under RICO as well as other causes of action. Discovery was propounded and thousands of pages of Defendants' documents were reviewed and indexed. Substantial informal discovery ensued aimed at verifying Defendants' contentions regarding refunds and credits having been given to the vast majority of the class and at identifying members of the class. There was substantial work performed by Class Counsel in verifying the data provided and in identifying class members. Extensive research was undertaken concerning the remedies available to the vast majority of the class members who had been refunded or credited. Settlement negotiations were lengthy. My staff also handled numerous calls from class members after the notice was sent out. Numerous class members sought confirmation that they had previously been refunded or

credited and, with the cooperation of Defendants, this confirmation was provided for all such requests.

6.  Pursuant to the Court's March 21, 2006 Order Preliminarily Approving the Settlement, I understand that Defendants caused a copy of the Notice to be mailed to approximately fifty thousand (50,000) class members on or about May 3, 2006.  Pursuant to the Settlement Agreement and the Notice, requests for exclusion from the Settlement Class were to be post-marked no later than July 31, 2006.  Eleven (11) requests for exclusion have been received.  A list of the eleven exclusions, and the exclusion requests are attached as Exhibit 3 hereto.  None of the requests for exclusion expresses any dissatisfaction with the terms of the Settlement.

7.  Only one objection to the Settlement has been received.  In May 2006, G. Byron Qualls of Branchburg, N.J. sent a letter to the Court and counsel objecting to the Settlement.  A copy of Mr. Qualls' letter is attached as Exhibit 1 hereto.  As it was evident that Mr. Qualls misunderstood the terms of the Settlement, I sent him a letter on May 31, 2006, a copy of which is attached hereto as Exhibit 2.  Mr. Qualls has not filed or sent anything further in response.

8.  I and the members of my firm are experienced in the investigation and prosecution of consumer class actions in both state and federal court.  Some of the class action cases in which I have served as lead plaintiffs' counsel are as follows:

   i.   *In re GECC Bankruptcy Reaffirmation Agreements Litigation*, U.S.D.C. (N.D. Ill.) MDL No. 1192 (final approval granted to $100 million settlement on behalf of nationwide class challenging bankruptcy reaffirmation practices of General Electric Capital Corporation and its affiliates);

  ii. *Berry, et al. v. Stop & Shop Supermarket Company*, Middlesex Superior Court, C.A. No. 97-4612 (final approval granted in statewide consumer class action concerning sales tax overcharges on supermarket purchases);

  iii. *Roberts, et al. v. Bausch & Lomb*, USDC (N.D. Ala., Western Div.) C.A. No. 94-C-1144-W (final approval granted to $68 million settlement obtained on behalf of nationwide class of buyers of contact lenses);

  iv. *Barry J. Hurst, Individually and on behalf of a class of persons similarly situated v. Federated Department Stores, et al.*, U.S.D.C. (D. Mass.) C.A. No.97-11479-NG (final approval granted to $8 million settlement on behalf of nationwide class challenging bankruptcy reaffirmation practices of Federated Department Stores);

  v. *Feiss v. MediaOne Group, Inc.*, U.S.D.C. (N.D.Ga.) C.A.No. 99-CV-1170 (final approval granted for $20 million settlement on behalf of New England cable television customers challenging advertising practices of cable television company).

  vi. *Ciardi, et al. v. F. Hoffmann LaRoche, Ltd., et al.*, Middlesex Superior Court) C.A. No. 99-3244 (final approval given to numerous price-fixing class action settlements in the bulk vitamin industry amounting to approximately $23 million).

9. In the process of investigating, reviewing discovery, conducting legal research, engaging in settlement negotiations, and answering class members' inquiries in this case, my firm has invested more than eleven hundred (1,100) hours of attorneys' time and over one hundred and fifty (150) hours of paralegals' time. At my firm's current customary billing rates, $450 per hour for attorneys with over 20 years of experience and $375.00 per hour for those with between 10 and 20 years of experience, the hours my firm expended in this case exceeds $490,000. My firm has also incurred several thousands of dollars in out-of-pocket expenses.

Signed under the pains and penalties of perjury this 11th day of August, 2006.

                  s/Fredric L. Ellis
                  Fredric L. Ellis

**CERTIFICATE OF SERVICE**

      I hereby certify that on August 11, 2006, I electronically filed the foregoing document with the Clerk of the Court using the ECF System which will send notification of such filing to the following:

R. Bruce Allensworth, Esq.
Andrew C. Glass, Esq.
Kirkpatrick & Lockhart
Nicholson Graham LLP
State Street Financial Center
One Lincoln Street
Boston, MA  02111

                                                                   /s/ Fredric L. Ellis
                                                                   Fredric L. Ellis

Date:  August 11, 2006