Fredric L. Ellis, Esq.
Joseph M. Makalusky, Esq.
Ellis & Rapacki LLP
85 Merrimac Street, Suite 500
Boston, MA 02114

Your Honor,

I wish to make known my thoughts and objection to C.A. No. 04-10595-RGS, Lori B. Gans, individually and on behalf of a class of persons similarly situated v. Chase Manhattan Automotive Finance Corp. and Manufacturers Hanover Leasing International Corporation.

After reading the specifics of this case, I do well remember having received a bill within a week of lease termination. In fact, the bill put me in a temporary bind for cash. I had already purchased a new replacement vehicle and had believed that I had made the last payment. I had to struggle for a couple months to get back into my budget after managing to pay Chase. Understanding the specifics of this suit, I see that the surprise bill that I received was an error on the part of Chase Auto Finance. The negligence of this billing practice by Chase Auto Finance put me in a situation where I had to scrape by for a short time and caused me needless stress and anxiety. Simply put, Chase Auto Finance collected and kept money that was not owed to them. This money was and still is mine.

It is with that said, that I wish to voice objection to the settlement as stated in document CAFI0148 (05/06). Although the specifics of this case conjure extreme angst with Chase Auto Finance, I am even more at odds with the class council for their treatment of the class. I do not believe a settlement of such should be reached as has been written. The settlement herein assures a payment of roughly $40 to each member of the class. Forty dollars falls far short of paying back the class for the money that was wrongly taken from them. It is my belief that this suit has no intention of properly compensating the victims of Chase Auto Finance negligence. In looking at the distribution of payment to the plaintiff and class council, I believe the class action suit was concocted to inflate the settlement in such a way that the council is more handsomely rewarded. Although the plaintiff is properly and rightly compensated $1000 for the billing negligence of Chase Auto Finance, the scale of a class action settlement rewards the council $750,000, while only providing a fraction of damages back to the rest of the class. I believe that the council has taken a single small claims case and enlarged the scale so that they may be compensated for negotiating a 2 million dollar settlement. Meanwhile, that 2 million dollars is divided so that I will only receive 1 tenth of the damages that I am owed.

I move to have this case dismissed based on the dishonesty of the class council. It is my belief that class action lawsuits are meant to represent a large group against a powerful adversary when widespread damages have resulted from their negligence. Specifically,

the class action suit should protect a group of consumers from fraudulent acts driven by power and greed. I'm afraid that this suit itself is victimizing the class once again by exploiting their plight to gain a larger payout for council. I believe that Chase Auto Finance should be held liable for the damages they owe, but more importantly, I believe the council should be held in contempt for their fraudulent use of the judicial system and exploitation of the class for personal gain.

Thank you,

*[signature]*

G. Byron Qualls
49 Station Rd
Branchburg, NJ 08876

CC: Clerk of Court of the United States District Court, District of Massachusetts
    Kirkpatrick & Lockhart Nicholson Graham LLP