# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| LORI B. GANS, individually and on behalf of a class of persons similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>CHASE MANHATTAN AUTOMOTIVE FINANCE CORP. and MANUFACTURERS HANOVER LEASING INTERNATIONAL CORPORATION, as successor by merger to CHASE MANHATTAN SERVICE CORPORATION,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>) C.A. No. 04-10595-RGS<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## NOTICE OF PENDENCY OF CLASS ACTION, PROPOSED SETTLEMENT, AND HEARING

*PLEASE READ THIS NOTICE CAREFULLY.*
*THIS IS NOT A NOTICE OF A LAWSUIT AGAINST YOU.*
*YOU MAY BENEFIT FROM READING THIS NOTICE.*

THIS NOTICE WAS SENT TO YOU BECAUSE:

(1) your motor vehicle lease was transferred or assigned to Chase Auto Finance Corp. f/k/a Chase Manhattan Automotive Finance Corporation ("Chase") or Chase Manhattan Service Corporation and:
   (a) you have a credit entry - equal to either the base monthly payment, the monthly rent payment, or the total monthly payment set forth in the lease agreement - appearing in the general ledger account on Chase's financial records named "Charge Off Income" as of October 31, 2004; and
   (b) no record has been located indicating that such credit entries in the Charge Off Income account were previously paid to you; and/or

(2) your motor vehicle lease was transferred or assigned to Chase Auto Finance Corp. f/k/a Chase Manhattan Automotive Finance Corporation or Chase Manhattan Service Corporation, which lease terminated during the period from March 27, 2000, through July 31, 2004, and you:
   (a) made a monthly lease payment to defendants equal to the total monthly lease payment due under your lease within fifteen (15) days before or thirty (30) days after the Lease Maturity Date; and
   (b) did not retain possession of the vehicle that was the subject of the lease for more than thirty (30) days past the Lease Maturity Date; and
   (c) did not owe any portion of any past due monthly payment at the time the Settlement Bill was generated.

### I. WHY DID YOU GET THIS NOTICE?

This notice informs you, pursuant to Rule 23(c)(2) of the Federal Rules of Civil Procedure, that there is a settlement pending in the lawsuit entitled Lori B. Gans, individually and on behalf of a class of persons similarly situated v. Chase Manhattan Automotive Finance Corporation and Manufacturers Hanover Leasing International Corporation, as successor by merger to Chase Manhattan Service Corporation, Civil Action No. 04-10595-RGS, filed in the United States District Court for the District of Massachusetts. The lawsuit was not filed against you.

### II. WHAT IS THIS LAWSUIT ABOUT?

This lawsuit contends that defendants Chase Auto Finance Corp. f/k/a Chase Manhattan Automotive Finance Corporation ("Chase") and Manufacturers Hanover Leasing International Corporation, as successor by merger to Chase Manhattan Service Corporation, (collectively, "defendants") billed, collected, and retained an additional monthly lease payment from plaintiff and other motor vehicle lessees, which payment was allegedly not due under their respective motor vehicle leases, purportedly in violation of the RICO Act, 18 U.S.C. § 1961 et seq., and common law theories of breach of contract, conversion, and unjust enrichment. The lawsuit seeks damages as well as injunctive and declaratory relief.

Defendants do not admit to any wrongdoing or liability and deny the same. Chase filed a counterclaim against plaintiff with respect to one of plaintiff's two lease transactions that are the subject of plaintiff's First Amended Class Action Complaint and Demand for Jury Trial (the "Amended Complaint").

The Court has not ruled on the merits of the parties' claims, counterclaims, or defenses.

The proposed settlement between the parties is a compromise of disputed claims. The parties have negotiated the settlement in order to avoid the further costs, expenses, and uncertainties of litigation. The proposed settlement does not mean, and shall not be construed to mean, that defendants are liable with respect to any claim asserted in the Amended Complaint.

### III. WHO IS IN THE CLASS?

For the purposes of the proposed settlement, the "Settlement Class" includes:

1. "Settlement Class I," consisting of all persons whose motor vehicle lease was transferred or assigned to defendants and:
   (a) who have a credit entry - equal to either the base monthly payment, the monthly rent payment, or the total monthly payment set forth in the lease agreement - appearing in the general ledger account on Chase's financial records named "Charge Off Income" as of October 31, 2004; and
   (b) for whom no record has been located indicating that such credit entries in the Charge Off Income account were previously paid to any such lessee; and

2. "Settlement Class II," consisting of all persons whose motor vehicle lease was transferred or assigned to defendants, which lease terminated during the period from March 27, 2000, through July 31, 2004, and who:
   (a) made a monthly lease payment to defendants equal to the total monthly lease payment due under their lease within fifteen (15) days before or thirty (30) days after the Lease Maturity Date; and
   (b) did not retain possession of the vehicle that was the subject of the lease for more than thirty (30) days past the Lease Maturity Date; and
   (c) did not owe any portion of any past due monthly payment at the time the Settlement Bill was generated.

Excluded from the Settlement Class is each person who submits a timely and valid Request for Exclusion (as defined below) in accordance with the procedure set forth below, and any person who was a lessee or co-lessee on the same lease with a person submitting a timely and valid Request for Exclusion.

**You have been identified from Chase's records as a member of both Settlement Classes I and II.**

### IV. WHAT ARE THE POTENTIAL BENEFITS?

A. The Terms of the Settlement

Subject to approval by the Court, the parties have agreed to a settlement (the "Settlement Agreement") as set forth in pertinent part below. The payments identified below will be in final settlement of all claims against defendants for the alleged violations set forth in the Amended Complaint.

1. Except as provided for in Section IV.A.2, below, defendants will pay the following compensation:

   a. The approximately 1,037 persons described in Section III.1, above, who are not excluded from Settlement Class I by means of a timely and valid Request for Exclusion (as defined below), shall each receive from defendants compensation in the amount of their credit entry showing on the Charge Off Income general ledger account, minus each such class member's pro-rata share of the Class Counsel attorneys' fees and expenses (as defined below) and class representative fee (as defined below) as approved by the Court, as described in Section IV.A.1(d), below.

   b. The approximately 48,169 persons described in Section III.2, above, who are not excluded from Settlement Class II by means of a timely and valid Request for Exclusion (as defined below), shall each receive from Defendants compensation in the amount of their share of approximately $2,150,476.20, divided by approximately 48,169 (or approximately $44.00), minus each such class member's pro-rata share of the Class Counsel attorneys' fees and expenses (as defined below) and class representative fee (as defined below) as approved by the Court, as described in Section IV.A.1(d), below. The amount of approximately $2,150,476.20 is the difference between $2,500,000 and approximately $349,523.80, the total amount of compensation owed to the members of Settlement Class I (as described in Section III.1, above), regardless of whether any such persons exclude themselves from Settlement Class I.

   c. The approximately 507 members of Settlement Class I who are also members of Settlement Class II, and who are not excluded from the Settlement Class by means of a timely and valid Request for Exclusion (as defined below), shall each receive from Defendants compensation in the amounts owed to them as a member of both Settlement Class I and Settlement Class II, except that each such class member shall only be responsible as a member of Settlement Class II for their pro-rata share of the Class Counsel attorneys' fees and expenses (as defined below) and class representative fee (as defined below) as approved by the Court, as described in Section IV.A.1(d), below.

   d. Each member of Settlement Class I and Settlement Class II, as modified by Section IV.A.1(c), above, shall be responsible for their pro-rata share of the Class Counsel attorneys' fees and expenses (as defined below) and class representative fee (as defined below) as approved by the Court,

based upon the total of approximately 48,000 Settlement Class members, minus any members who exclude themselves from the Settlement Class.

   e. Class Counsel shall receive - for themselves and for any other attorney who may have rendered services to plaintiff and the Settlement Class in connection with the Class Action - compensation for attorneys' fees and expenses in an amount to be approved by the Court, but in no event to exceed seven hundred fifty thousand dollars ($750,000), to be drawn from the Settlement Fund ("Class Counsel attorneys' fees and expenses").

   f. Plaintiff Lori B. Gans shall receive the amount of $1,000 - to be paid from the Settlement Fund - for her services as class representative in addition to any payment she may receive pursuant to Section IV.A.1(a) or (b), above ("class representative fee").

   g. Defendants shall not be required to make multiple payments to co-lessees who are entitled to relief under this Agreement on account of the same lease transaction, but in such cases, shall make only one payment, for each lease transaction, to the lessee to whom the Lease Billing Statement was sent. Defendants shall have no liability to any co-lessee arising from any claim regarding the division of such funds among co-lessees, nor shall Defendants be responsible to any person for any disputes over the proper recipient of any payments made pursuant to this Settlement Agreement, but in each case, the lessee shall be responsible for the distribution of any portion of the payments made pursuant to the Settlement Agreement to the co-lessee, if any. Likewise, any Class Counsel attorneys' fees and expenses and class representative fee as approved by the Court shall be allocated to the members of the Settlement Class on a per lease basis.

   2. If notice to a Settlement Class member remains undeliverable despite defendants' reasonable efforts as required by the Settlement Agreement, defendants shall have no further liability or obligation to make payment to that Settlement Class member. Defendants shall be entitled to any remaining portion of the Settlement Fund after all required distributions.

   3. All of the Court's orders regarding the settlement and the lawsuit will apply to you (including the Final Order of Dismissal), and you will be giving defendants a "release," unless you decide not to join the settlement as described below. A release means that you cannot sue or be part of any other lawsuit against defendants about the claims or issues in this lawsuit at any time in the future. This release is conditioned upon the approval of the Settlement Agreement by the Court and defendants meeting their obligations therein.

   B. Distribution of the Settlement

   1. You do not need to submit a claim form or any other documentation to receive a distribution. After Final Approval of the settlement by the Court, a distribution check will automatically be mailed to you if neither you nor any person who was a lessee or co-lessee on the same lease with you has submitted a timely and valid Request for Exclusion (as described below) from the class action and the settlement thereof.

   2. The distribution by defendants to the class members who are not excluded from the Settlement Class by means of a timely and valid Request for Exclusion (as defined below) will occur within sixty (60) days after the date of Final Order (as defined in Section A.6 of the parties' Settlement Agreement).

   3. All payments shall be made by check, each of which shall indicate on its face that it is valid only for a period of one hundred eighty (180) days from the date set forth thereon. The check shall be made payable only to the lessee to whom the Lease Billing Statement was sent, unless the lessee provides Class Counsel notice otherwise within the time period for filing a Request for Exclusion (as defined below) in advance of the Fairness Hearing (as defined below). The envelope containing the check shall be addressed to the lessee to whom the Lease Billing Statement was sent and the co-lessee, if any, and sent by first class United States mail, postage prepaid, to the last known address for the lessee to whom the Lease Billing Statement was sent as contained in Defendants' records or as updated as provided for in the Settlement Agreement.

   4. Any residual amounts of the Settlement Fund remaining after all required distributions are made will revert to defendants. Such reversion will occur no later than one hundred eighty (180) days after the last distribution is made from the Settlement.

   5. If you do not cash your distribution check before one hundred eighty (180) days from the date appearing on the face of the check, the check will no longer be valid, and it will not be honored. If your check expires, you will not be entitled to any further distribution from the Settlement Fund, or to a replacement check, or to any further recourse against defendants. If you fail to cash your distribution check within the 180-day period mentioned above, or if your distribution check is dishonored because the 180-day period mentioned above has expired, such failure to receive payment will not affect the validity of your release of all claims against defendants as described in this notice or in the Settlement Agreement.

V.  **WHO REPRESENTS THE CLASS?**

   The following attorneys represent plaintiff Lori B. Gans and the Settlement Class ("Class Counsel"):

   Fredric L. Ellis, Esq.
   Joseph M. Makalusky, Esq.
   ELLIS & RAPACKI LLP
   85 Merrimac Street, Suite 500
   Boston, Massachusetts 02114
   (617) 523-4800

   Class Counsel represents your interests in this lawsuit. You may, however, hire your own attorney at your own cost to advise you in this matter, if you so desire.

VI.  **WHO REPRESENTS DEFENDANTS?**

   The following attorneys represent defendants:

   R. Bruce Allensworth, Esq.
   Andrew C. Glass, Esq.
   KIRKPATRICK & LOCKHART NICHOLSON GRAHAM LLP
   One Lincoln Street
   Boston, Massachusetts 02111-2950

VII.  **OPINION OF CLASS COUNSEL**

   The claims asserted on behalf of the Settlement Class against defendants are under the RICO Act, 18 U.S.C. § 1961 et seq., and common law theories of breach of contract, conversion, and unjust enrichment. The lawsuit seeks damages as well as injunctive and declaratory relief.

   After arms'-length negotiations, the parties have reached a settlement with respect to all of the claims in the Amended Complaint. The parties have entered into a class action settlement agreement, subject to the approval by the Court providing substantial benefits to the Settlement Class. After thorough and independent investigation and evaluation of the facts and law relating to the controversy between the parties, Class Counsel has concluded that the monetary benefits afforded by the settlement of the class claims combined with the uncertainties, expense, and duration of litigation support the conclusion that the settlement is fair, reasonable, and in the best interest of plaintiff and the Settlement Class.

VIII.  **FAIRNESS HEARING**

   A hearing will be held on the fairness of this proposed settlement ("Fairness Hearing"). At the hearing, the Court will be available to hear any timely made objections concerning the fairness of the proposed settlement, including the amount of the award to Class Counsel of attorneys' fees and expenses. The hearing will take place on August 29, 2006, at 2:30 p.m., before the Honorable Richard G. Stearns in Courtroom No. 21 of the United States District Court for the District of Massachusetts, John Joseph Moakley United States Courthouse, 1 Courthouse Way, Boston, Massachusetts 02210.

   **YOU DO NOT NEED TO APPEAR AT THIS HEARING; YOU MAY DECIDE TO APPEAR AT THE HEARING IF YOU OBJECT TO THE SETTLEMENT.**

IX.  **WHAT ARE YOUR OPTIONS?**

   1. You have the right to receive a distribution from the payment to be made to the members of the Settlement Class according to the terms described above in the section entitled "WHAT ARE THE POTENTIAL BENEFITS?" If you wish to receive a distribution from the payment to be made to the members of the Settlement Class, **you do not need to submit a claim form or any other documentation. After the date of Final Order as set forth in the Settlement Agreement, if neither you nor any person who was a lessee or co-lessee on the same lease with you has submitted a timely and valid Request for Exclusion (as described below) from the class action and settlement thereof, a distribution check will automatically be mailed to you.**

   2. You have the right to request to exclude yourself from the class action and the settlement thereof ("Request for Exclusion").

   a. If you elect to be excluded from the class action and settlement, neither you nor any person who was a lessee or co-lessee on the same lease with you will be bound by any settlement of this action, and neither you nor any person who was a lessee or co-lessee on the same lease with you will receive any of the benefits of the settlement, including the payment of any money. You will retain and be free to pursue any claims that you may have on your own behalf.

   b. If you so wish to exclude yourself, you must submit your Request for Exclusion in writing by first class United States mail, postage prepaid, to Chase Settlement Exclusions, P.O. Box 6378, Boston, Massachusetts 02114, **which Request for Exclusion must be postmarked at least thirty (30) days in advance of the date of the Fairness Hearing described above in the section entitled "FAIRNESS HEARING," i.e., by Monday, July 31, 2006.** Your Request for Exclusion must include your name and address, the name or number of this action, and a statement that you desire to be excluded from the Settlement Class. Your Request for Exclusion must be signed by you or on your behalf. You do not need to appear at the Fairness Hearing.

   c. If a Request for Exclusion does not include all of the foregoing, or if it is not timely made (as described above), it shall not be a valid Request for Exclusion, and the person filing such an invalid Request for Exclusion shall be a member of the Settlement Class.

   3. You have the right to object to the settlement ("Objection") if you are not excluded from the Settlement Class by means of a timely and valid Request for Exclusion.

   a. If you wish to object to the class action and settlement, you must make your Objection in writing and file your objection with the Clerk of Court for the United States District Court for the District of Massachusetts, John Joseph Moakley United States Courthouse, 1 Courthouse Way, Boston, Massachusetts 02210, **at least thirty (30) days in advance of the date of the Fairness Hearing described above in the section entitled "FAIRNESS HEARING," i.e., by Monday, July 31, 2006.** You must serve copies of your Objection to Class Counsel and counsel for defendants listed above in Sections V and VI, respectively, by the same date. Your Objection must include your name and address, the name and number of this action, and the basis for your Objection. Your Objection must be signed by you or on your behalf. You do not need to appear at the Fairness Hearing; you may decide to appear at the hearing if you object to the settlement.

   b. Unless the Court directs otherwise for good cause shown, no member of the Settlement Class, either personally or through counsel, shall be heard or shall be entitled to contest the approval of the terms and conditions of this Settlement Agreement or (if approved) the Final Approval to be entered thereon, or the allowance of attorneys' fees and expenses to Class Counsel, and no papers or briefs submitted by or on behalf of any member of the Settlement Class shall be received or considered if such Objections are not served and filed as provided herein.

X.  **CORRECT ADDRESS**

   If this notice was sent to you at your current address, you do not have to do anything further to receive any further notices concerning this case or to receive a distribution from the settlement. If it was forwarded to you by the postal service, or if it was otherwise sent to you at an address that is not current, you should immediately send a letter to Ellis & Rapacki LLP at the above address, stating the name of this case and your past and current addresses.

XI.  **AVAILABILITY OF FILED PLEADINGS**

   All papers filed in this case are available for you to inspect and copy at your expense at the Office of the Clerk for the United States District Court for the District of Massachusetts, John Joseph Moakley United States Courthouse, 1 Courthouse Way, Boston, Massachusetts 02210, during regular business hours.

XII.  **WHO CAN HELP WITH ADDITIONAL INFORMATION?**

   The description of this case is general and does not cover all of the issues and proceedings thus far. Any question you or your counsel may have concerning this notice should be directed to Ellis & Rapacki LLP at the address listed in Section V, above. **Please include the case name and number and your name and return address on any letters that you send; do not provide this information only on the envelopes.**

   **DO NOT ADDRESS ANY QUESTIONS ABOUT THE CASE TO THE CLERK OF COURT OR TO THE JUDGE. They are not permitted to answer your questions.**

Dated: March 21, 2006