UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| LORI B. GANS, individually and on behalf of a class of persons similarly situated,<br><br>       Plaintiff,<br>v.<br><br>CHASE MANHATTAN AUTOMOTIVE FINANCE CORP. and MANUFACTURERS HANOVER LEASING INTERNATIONAL CORPORATION, as successor by merger to CHASE MANHATTAN SERVICE CORPORATION,<br><br>       Defendants. | C.A. No. 04-10595-RGS |

## AFFIDAVIT OF REBECCA BRUCE

I, Rebecca Bruce, under pains and penalties of perjury, state as follows:

1. I am the Vice President-Loan Servicing Department Manager for JPMorgan Chase Bank, N.A.("JPMC"), one hundred percent owner of Chase Auto Finance Corp. ("Chase Auto"), which position I have held at JPMC or its predecessor Bank One, N.A., since February 2002.

2. I make this affidavit pursuant to Section C.5 of the parties' settlement agreement in the above-captioned matter, dated February 28, 2006 (the "Settlement Agreement").

3. On lists provided to Class Counsel (as that term is defined in the Settlement Agreement), Chase Auto identified: (a) 548 persons who qualify as members of Settlement Class I (as that term is defined in the Settlement Agreement) exclusive of persons who also qualify as members of Settlement Class II (as that term is defined in the

Settlement Agreement) ("subgroup I"); (b) 47,680 persons who qualify as members of Settlement Class II exclusive of persons who also qualify as members of Settlement Class I ("subgroup II"); and (c) 489 persons who qualify as members of both Settlement Class I and Settlement Class II ("subgroup III").

4. I understand that in accordance with Section C.2 of the Settlement Agreement, on or about May 3, 2006, William F. Murphy, Vice President-Operations Area Manager for Chase Auto, caused a copy of the notice of settlement ("Notice") – in the form attached as Exhibits A, B, and C to the Affidavit of William F. Murphy submitted simultaneously herewith – to be sent to Settlement Class subgroups I, II, and III, respectively.

5. Of the Notices mailed to Settlement Class subgroups I, II, and III, 4545 were returned by the United States Postal Service to Chase Auto before June 5, 2006 (the "timely returned Notices"), and 132 Notices were returned on or after June 5, 2006, which Notices were not resent because they were returned outside the time period for which Chase Auto was obligated to resend returned Notices (see Section C.2(c) of the Settlement Agreement).

6. Of the timely returned Notices that Chase Auto received without a forwarding address, pursuant to the terms of Section C.2(b)(ii) of the Settlement Agreement, I caused a search to be conducted of the Fast Data, or an equivalent, database to attempt to locate a current address for those class members.

7.      In accordance with Section C.2(d) of the Settlement Agreement, before July 3, 2006, I caused a copy of the Notice to be resent (by first class United States mail, postage prepaid) to the 4012 Settlement Class members for whom a forwarding address was: (a) provided by the United States Postal Service; or (b) located pursuant to the search described in Paragraph 6 of my affidavit, above. Chase Auto was unable to locate a current address for 533 Settlement Class members.

Signed and sworn under the penalties of perjury this 7th day of August, 2006.

_____          _____
                                          Rebecca Bruce

DALE SIKES
Notary Public, State of Texas
My Commission Expires
June 21, 2009

4