UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

LORI B. GANS, individually and on )
behalf of a class of others similarly situated, )
                                            )
              Plaintiff,                     )
                                            )
v.                                          )    C.A. No.: 04-10595-RGS
                                            )
CHASE MANHATTAN AUTOMOTIVE                   )
FINANCE CORP. and MANUFACTURERS              )
HANOVER LEASING INTERNATIONAL                )
CORPORATION, as successor by merger to       )
CHASE MANHATTAN SERVICE                      )
CORPORATION,                                 )
Defendants.                                  )

## FINAL ORDER APPROVING THE
## CLASS ACTION SETTLEMENT AND FINAL JUDGMENT

The Court:

(1)     having considered the Joint Motion for Final Approval of Class Action

Settlement ("Motion"), which seeks court approval to implement the terms of the settlement

agreement dated February 28, 2006 ("Settlement Agreement"), by and between the

plaintiff, Lori B. Gans ("Plaintiff"), individually and on behalf of a class of others more

particularly defined herein (the "Settlement Class"), and defendants Chase Auto Finance

Corp. f/k/a Chase Manhattan Automotive Finance Corp. ("Chase") and Manufacturers

Hanover Leasing International Corporation, the successor by merger to Chase Manhattan

Service Corporation (together, "Defendants"), and the schedule and exhibits attached

thereto;

(2)     having considered all of the submissions and arguments with respect to the

Motion;

(3)    having entered an order on March 21, 2006, conditionally certifying a

"Settlement Class" that includes:

- (a)    "Settlement Class I," consisting of all persons whose motor vehicle lease was transferred or assigned to Defendants and:

  - (i)    who have a credit entry – equal to either the base monthly payment, the monthly rent payment, or the total monthly payment set forth in the lease agreement – appearing in the general ledger account on Chase's financial records named "Charge Off Income" as of October 31, 2004; and
  - (ii)    for whom no record has been located indicating that such credit entries in the Charge Off Income account were previously paid to any such lessee; and

- (b)    "Settlement Class II," consisting of all persons whose motor vehicle lease was transferred or assigned to Defendants, which lease terminated during the period from March 27, 2000, through July 31, 2004, and who:

  - (i)    made a monthly lease payment to Defendants equal to the total monthly lease payment due under their lease within fifteen (15) days before or thirty (30) days after the Lease Maturity Date; and
  - (ii)    did not retain possession of the vehicle that was the subject of the lease for more than thirty (30) days past the Lease Maturity Date; and
  - (iii)    did not owe any portion of any past due monthly payment at the time the Settlement Bill was generated;

and that excludes from the Settlement Class each person who submitted a timely and valid

Request for Exclusion in accordance with the procedure set forth in the Settlement

Agreement, and any person who was a lessee or co-lessee on the same lease with a

person who submitted a timely and valid Request for Exclusion;

(4)    having directed that Notice be given to the Settlement Class of the proposed

settlement and of a hearing scheduled to determine whether the proposed settlement

2

should be approved as fair, reasonable, and adequate to the Settlement Class and to hear any objections to any of these matters (the "Final Hearing"); and

(5)    having held the Final Hearing and considered the submissions and arguments made in connection therewith, hereby FINDS as follows:

A.    That the Notice to the Settlement Class, including, without limitation, the form of Notice and the means of giving Notice to the members of the Settlement Class, has been given in an adequate and sufficient manner and constitutes the best notice practicable, complying in all respects with the requirements of due process.

B.    That Class Counsel has fairly and adequately represented and protected the interests of the Settlement Class.

C.    That, for purposes of Final Approval of this Settlement Agreement, pursuant to Fed. R. Civ. P. 23(a) and (b), the Court finds, for purposes of this settlement only, that:

(1)    The Settlement Class is so numerous that joinder of all members is impracticable;

(2)    There are questions of law or fact common to the Settlement Class;

(3)    The claims of the Class Representative are typical of the claims of the Settlement Class;

(4)    The Class Representative has fairly and adequately protected the interests of the Settlement Class;

(5)    The questions of law or fact common to the members of the Settlement Class predominate over any questions affecting only individual members; and

3

(6)    A class action is superior to other available methods for the fair and efficient adjudication of the controversy.

D.    That the Settlement Class is certified for purposes of settlement only.

E.    That the Court has held a hearing to consider the fairness, reasonableness and adequacy of the proposed settlement, and has been advised of the single objection to the settlement and has overruled such objection.

F.    That arms'-length negotiations have taken place in good faith between Class Counsel and Defendants and have resulted in the proposed settlement, as provided in the Settlement Agreement.

G.    That, for purposes of Fed. R. Civ. P. 23(e), the settlement, as provided for by the Settlement Agreement, is in all respects fair, reasonable, adequate, and proper and is in the best interests of the Settlement Class; that the settlement is accordingly finally APPROVED; and that, in accordance with the terms of the Settlement Agreement, which are hereby incorporated by reference as though fully set forth herein, it is hereby ORDERED, ADJUDGED and DECREED:

1.    That all claims asserted in the First Amended Class Action Complaint against Defendants are hereby dismissed with prejudice, and that Chase's counterclaims are hereby dismissed with prejudice, both dismissals being made without fees or costs other than what has been provided for in herein and in the Settlement Agreement;

2.    That Chase Auto Finance Corp., Manufacturers Hanover Leasing International Corporation, and Chase Manhattan Service Corporation, and their past or present officers, directors, shareholders, agents, employees, parents, subsidiaries, affiliates, predecessors, successors, assigns, insurers, and attorneys, are hereby released

4

and forever discharged from any and all causes of action, lawsuits, claims, counterclaims, judgments and demands, whether known or unknown and whether or not heretofore asserted, including, without limitation, (a) any claims under federal law, including, without limitation, the federal Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. §§ 1961 et seq., the federal Consumer Leasing Act, 15 U.S.C. §§ 1667 et seq., or the regulations promulgated thereunder, including, without limitation, Regulation M, 12 C.F.R. part 213; or (b) any claims under state statutory or common law, including, without limitation, breach of contract, conversion, unjust enrichment, or consumer fraud; or (c) any other claims for relief, including, without limitation, claims for statutory, multiple, punitive, exemplary or actual damages, restitution, accountings, or other relief of any form in law or equity, including, without limitation, any claims for equitable, injunctive or declaratory relief – based upon or arising from the allegations that are contained in the Complaint or Amended Complaint, or that could have been asserted in the Class Action, arising out of, or related in any way to, the form of invoice or the invoicing and payment of any purported excess lease payments;

3.    That Plaintiff and all members of the Settlement Class, and their respective co-lessees, heirs, executors, administrators, predecessors, assigns, agents, representatives, parent companies, subsidiaries, affiliates, joint ventures, joint venturers, present and former directors, present and former stockholders, present and former officers, present and former owners, present and former employees, insurers, and attorneys, who have not excluded themselves from the Settlement Class, hereafter shall not be permitted in any suit, action, or proceeding to seek to establish liability of any kind against Chase Auto Finance Corp., Manufacturers Hanover Leasing International Corporation, or Chase

5

Manhattan Service Corporation, or their past or present officers, directors, shareholders, agents, employees, parents, subsidiaries, affiliates, predecessors, successors, assigns, insurers, or attorneys, on any released claim;

4.     That each member of the Settlement Class acknowledges that he or she may hereafter discover facts other than or different from those that he or she knows or believes to be true with respect to the subject matter of the released claims that have been released by such party, but each releasing party shall hereby be deemed to have waived and fully, finally and forever settled and released any known or unknown, suspected or unsuspected, contingent or non-contingent claim with respect to the released claims that such releasing party has released, whether or not concealed or hidden, without regard to the subsequent discovery or existence of such different or additional facts;

5.     That once Defendants make payment to the members of the Settlement Class as set forth in Section B.2 of the Settlement Agreement, if any Settlement Class member, for whatever reason, does not receive his or her payment check, said Settlement Class member is nonetheless considered to have been paid by Defendants and that Defendants have no further obligation to said Settlement Class member, and said check shall not be considered to be abandoned property but shall be property of the Defendant;

6.     That nothing in this Order or the Settlement Agreement and no aspect of the settlement is or shall be deemed or construed to be an admission, concession or evidence of any violation of any statute or law or of any liability or wrongdoing by Defendants or of the truth of any of the claims or allegations contained in the Class Action;

7.     The Clerk is therefore directed to enter a final judgment of dismissal with prejudice of all claims pursuant to Fed. R. Civ. P. 58;

8.    That the Parties are hereby directed to take all of the actions required under the terms and provisions of the Settlement Agreement;

9.    The Court retains jurisdiction of all matters relating to the interpretation, administration, implementation, effectuation, and enforcement of the Settlement Agreement. The Court further retains jurisdiction to enforce this Order entered this day, and may enter additional orders to effectuate the fair and orderly administration of the settlement as may from time to time be appropriate;

10.    That Class Counsel's application for attorneys' fees and expenses in the amount of seven hundred fifty thousand dollars ($750,000) is approved as fair and reasonable. While the award is a larger percentage of the fund than the Court would ordinarily allow, it will approve the application for the following reasons: (1) the fund is not so large that the percentage figure offers an untoward windfall to Class Counsel; (2) the distribution of benefits to the class is entirely in the form of a cash award that exceeds the amount of loss suffered by the class as a whole; (3) the percentage fee request does not grossly exceed the lodestar; (4) Class Counsel have put in a place an automatic distribution system that dispenses with a claims procedure with its attendant costs; (5) Class Counsel have made a diligent effort to gather the addresses of class members almost all of whom have been identified, and almost all of whom will receive a pro rata share of the distribution; and (6) all costs are being borne by Class Counsel as part of the fee award.

11.    That all members of the Settlement Class who properly requested exclusion, whose names are listed on the Exhibit 3 to the Affidavit of Fredric L. Ellis dated August 11, 2006, and any person who was a lessee or co-lessee on the same lease with a person who

7

submitted a timely and valid Request for Exclusion, are excluded from the Settlement Class; and

      12.    That the terms used in this Order that are defined in the Settlement Agreement or the Order Preliminarily Approving Proposed Settlement, unless otherwise defined herein, are used in this Order as defined in the Settlement Agreement or the Order Preliminarily Approving Settlement.


SO ORDERED this 1st day of September, 2006.

                SO ORDERED.

                s/ Richard G. Stearns

                _____
                UNITED STATES DISTRICT JUDGE